ANNIE BUTLER, Plaintiff, *v.* JAMES R. TOWNSEND and Another, Defendants.

*Injury from an unsafe house — the liability therefor depends upon occupancy rather than ownership.*

By the terms of a will the legal title to certain real estate was vested in the executors named therein, subject to the right of the widow to the use of the house upon such premises, but, apart from the portion of the will which gave the legal title to the executors and conferred upon the widow the right to use the house, there was nothing that in any way related to the duties of the executors in respect to such house.

*Held*, that the executors would not be held liable for personal injuries sustained by third persons, resulting from the unsafe and defective condition of such house, although the executors had knowledge of its unsafe condition.

The duty of keeping premises in a safe condition in general devolves upon the occupant and not upon the owner.

MOTION by the plaintiff, Annie Butler, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the New York Circuit on the 27th day of April, 1894.

*Ira Leo Bamberger*, for the plaintiff.

*John A. Beall*, for the defendants.

O'BRIEN, J. :

The plaintiff seeks to recover damages for injuries sustained by her through the negligence of the defendants. The allegations are, that as executors and trustees under the will of Charles A. Coe, deceased, the defendants were in possession and control of the premises, and that plaintiff's injuries were sustained through their carelessness and negligence in allowing the premises to get out of repair and neglecting their duty to have the stairways supplied with a proper banister or railing, and in allowing the same to remain in an unsafe, defective and dangerous condition, of which the defendants had due notice. The defendants denied possession, or that they were under the obligation to take the care and management and control of the premises, claiming that the widow of Charles A. Coe, deceased, had been since his death, and at the time of the accident was, in sole use, occupation, control and management of the said house and premises.

The will provides as follows : " And, also, I direct my executors and trustees to allow my said wife the use of my dwelling house in the City of New York, and also the use of the one I now have at Hastings, and in case either or both of my said dwelling houses should be sold, then the use of any other dwelling house in the City of New York and in the country not costing more than the dwelling house sold, and I do authorize and empower my said trustees to purchase for her use a dwelling house in the place of each one they may sell ; said house or houses so purchased not to cost more than the price realized for those sold."

It was conceded that subsequent to the probate of the will, the widow had occupied the premises, pursuant to its provisions, and also that the defendant Townsend, who was one of the executors and trustees, and his family had resided in the house, upon the invitation of the widow, from the fall before the accident to a period shortly prior thereto, but were absent therefrom at the time of such accident.

The broad question presented, therefore, is, whether the defendants or the widow were responsible for injuries resulting from the unsafe and defective condition of the premises of which they had notice. Its solution must depend upon a determination whether, according to the provisions of the will and the conceded facts as to the occu-

pancy by the widow, the defendants, as executors and trustees, had any such use, occupation, control or management of the house as would render them liable, even though they had knowledge, for injuries resulting from the defective condition of the premises.

By the will the legal title to the premises was vested undoubtedly in the defendants, but such title was subject to the right of the widow to use the house. Apart from the portions of the will which clearly determine as to the legal title and confer upon the widow the right to use the house, there is nothing therein that in any way bears upon the duties of the defendants in respect to such house. With the title in the executors, therefore, and with the rights conferred upon the wife under the provision of the will quoted above, the question proposed is to be determined.

As the defendants were not entitled to the possession, use or management, and as the will itself makes no provision for repairs and confers no authority upon defendants to devote any part of the estate coming into their hands to that purpose, we fail to see upon what theory they can be held liable. It has been many times held that the duty of keeping premises in safe condition in general must pertain to occupancy, not to ownership; and this principle has been many times applied in accident cases where the owner has leased the premises without a covenant giving a right of entry for the purpose of making repairs, and in none of which, so far as our attention has been called, has the owner been held liable for damages occasioned by neglect to repair. If the defendants had the power, and had rented the premises, without a covenant to repair, for a long term of years, and while in possession of the lessee injuries happened to a third person by the neglect to repair, we do not think it would be seriously claimed that they, though holding the legal title, would be responsible for such damages. The hypothetical case is in principle analagous to the one at bar. Here the use and occupation of the property were given to the widow by her husband's will. The defendants had never been in the control or management or occupancy of the premises. They would have no right to expend any of the money of the estate, because the authority was not conferred upon them to make repairs, that duty devolving upon the widow with the use of the premises. Having no obligation placed upon them, therefore, to manage or repair the

premises while the same were in use by the widow, the defendants would not be responsible for their unsafe and defective condition, even though they had knowledge thereof.

We think that the judge below was right in dismissing the complaint, and that the exceptions should be overruled and judgment entered in favor of the defendants, with costs.