An executrix of an estate need not account for the realty.

**2. SAME—SALE TO PAY DEBTS.**

Where the personal property is insufficient to pay the debts, a creditor has his remedy under the statute by the sale of decedent's real estate.

**3. SAME—CLAIM AGAINST ESTATE.**

Where an executrix has a claim against the estate, her incorporation of it in her account as an admitted claim, without the same proof as is required for other claims, is insufficient to establish it.

**4. SAME—PRESENTATION OF CLAIMS.**

Code Civ. Proc. § 2718, provides that if a suit is brought against an executor on a claim which has not been presented within six months from publication of notice the executor shall not be chargeable for any asset he may have paid on lawful claims before suit. An executrix advertised for claims on October 15th, and had exhausted all the funds in her hands by payment on just claims before April 15th, though she knew of the claim of another creditor. This other claim was rejected by her when offered, May 13th. *Held*, that the executrix was not protected by section 2718, and the creditor was entitled to his pro rata share of the personalty.

In the matter of the accounting of Hannah Gill, executrix of Robinson Gill. Objections to account sustained.

Warland & Warland, for executrix.

CHURCH, S. Upon the presentation of the account of the executrix herein for settlement there is objection to the same.

It is contended, in the first place, that the account herein is incomplete, in that the executrix should account for the real property belonging to the deceased at the time of his death. I do not think so. Under the will of the deceased, his entire personal property, after the payment of debts, was given to his wife. Under such circumstances, the property passes directly to the devisee, and the executrix has no right to interfere, nor can an executrix be held accountable for the same. If the personal property is insufficient to pay the debts, then a creditor has his remedy under the statutory proceedings for the sale of the decedent's real estate for the payment of debts. The mere fact that the devisee is also named as executrix does not alter the relation of the parties in the least.

The objections to the claim of Andrew D. Baird do not seem to be tenable. The evidence of Mr. Baird is full and complete that this claim has never been paid, and that the deed which was made to him by Mrs. Gill was made for a totally different purpose.

The executrix in her account states that among the admitted claims is one of herself against the deceased, which amounts to nearly $29,-000. Under the provisions of the Code, an executor cannot thus charge his estate, but, on the contrary, an executor must prove his claim the same as any creditor. The proof attempted to be offered here of this claim is totally insufficient. Some papers are offered in

evidence, which Mr. Andrew D. Baird, who was formerly a partner of deceased, identifies as having been in the handwriting of the deceased, and upon these papers it is contended that the executrix's claim is made complete.　An examination of these papers discloses that they are notes and memoranda showing the money advanced by the executrix, Hannah Gill.　Such notes, however, are not made by the deceased personally, as, although in his handwriting, they were made in the name of the firm of which he was a member, for moneys advanced to the firm.　There is no evidence showing that in any way he specifically assumed the obligation of such notes.　They are not, therefore, a claim of the executrix in the first instance against the deceased individually, but were claims of herself against the firm of which the deceased was a member, and if unable to collect from the firm's assets she could then proceed against the estate.　Being unproved, the claim of the executrix is therefore disallowed.

The remaining question is as to whether the creditor in question is entitled to be paid anything on account of his claim.　It appears that the executrix duly advertised for claimants to present their claims. The time for such advertising expired on April 15, 1898; that the claimant's claim herein was not formally presented and rejected until May 13, 1898; and, there being no offer to refer contained in such objection, that on May 23, 1900, suit was brought by the claimant in the Supreme Court of Kings county against such executrix, which resulted in judgment in favor of the claimant on April 17, 1903.

Counsel for the executrix contends that, under the provisions of section 2718 of the Code, as the executrix herein has paid out all that she received as executrix and more, to just claimants, that this contestant is barred.　The language of such section is as follows: "If a suit be brought on a claim which is not presented to the executor or administrator within six months from the first publication of such notice, the executor or administrator shall not be chargeable for any assets or moneys that he may have paid in satisfaction of any lawful claims."　The evident purpose of this section of the Code was that where an executor had advertised for claims, and the period had expired, and every person whom he had reason to believe had any just claim against the estate had presented their claim, and the executor had, thereupon, after such period had expired, gone ahead and paid such claims to the extent of such estate, or paid such claims and distributed the balance among the legatees, that then he should not be chargeable for so doing, but that the loss should be borne by the person who had neglected within the period to present his claim.

Bearing in mind the object which was in view when this provision was framed, let us examine the present matter under consideration, to see if it comes within the scope and purpose of this section of the statute.　As I have heretofore stated, the proof of the exact time when the contestant's claim was presented does not appear to be specifically fixed as earlier than May 13, 1898, a very short time after the time to present claims had expired.　But it does appear that there had been brought to the attention of the executrix the fact that this contestant had a claim against the estate, and that it was a matter

which was in discussion between the executrix and contestant's attorney. So that, although the executrix may not have had a formal and technical notice which the statute requires, she had full knowledge of the subject. If under these circumstances, therefore, she had gone ahead and deliberately expended the moneys which were in her possession, relying upon the technical failure of the claimant to formally get his claim in shape, she would not stand in a very equitable light before the court to invoke the court's relief. But her own account shows that, even if the claimant had presented his claim before the expiration of six months, at that time she had expended all of the estate in the settlement of some claims which had been already presented.

There is contained in Schedule E a statement of claims of creditors paid by the executrix. The total of these claims as paid by the executrix amounts to $21,693. An examination of the vouchers submitted by the executrix shows that every one of these claims, except one of $75, was paid within a few months after the advertising commenced, in October, 1897, and long before April, when the time of creditors to present their claims had expired. Therefore, if this creditor had presented his claim on the 1st of April, and it had been rejected, and he had gotten the judgment in question, there is no doubt but that the executrix, by reason of her having gone ahead and paid these claims before the expiration of the six months, would have been compelled to pay to the contestant here the pro rata portion which his claim bore to the entire assets of the estate, and to permit the executrix to evade the payment of that sum, on account of the technical omission to formally present a claim to her within that period, seems to me to be applying the statute to a purpose to which it was never intended.

In the matter of Mullon, 145 N. Y. 98, 39 N. E. 821, the Court of Appeals, in referring to this question, states as follows (page 104, 145 N. Y., and page 823, 39 N. E.):

"Where an executor or administrator proceeding in good faith, he being also residuary legatee, applies to his own use the assets remaining after having paid all the claims under the will and all claims presented in the usual course, pursuant to notice, he cannot, we think, be held accountable, except for the actual value of the assets which formed a part of the testator's estate."

In Mayor v. Gorman, 26 App. Div. 191, 49 N. Y. Supp. 1026, the court says, in considering this section of the Code, as follows (page 199, 26 App. Div., and page 1032, 49 N. Y. Supp.):

"It is apparent, therefore, that the purpose and effect of the provision of section 2718, under consideration, are, while permitting the claimant to liquidate his debt against the estate without costs, to limit him to such liquidation, so that the formal judgment shall not be chargeable upon any assets or moneys which the executors or administrators have lawfully paid out after the expiration of the statutory period of six months."

Jessup's Surrogate's Practice (2d Ed.) p. 1014, in referring to what an executor or administrator has a right to anticipate in regard to persons having claims, states as follows:

"If he thereafter distributes the assets to those entitled to them, * * * he will not be held accountable for said distributive estate to a creditor who

neither presented his claim nor took any legal proceeding to collect it while the funds were in the administrator's hands."

Thus it will be seen that all of the decisions quoted by the executrix bearing upon this matter arose where the executor had kept the funds of the estate in his hands intact during the statutory period, and had not distributed them until after that period had elapsed. And it is in such a case, and such only, that an executrix, it seems to me, can quote the protection of this section of the Code.

The executrix's action in paying all these claims in full before the expiration of the statutory period cannot be in any way defended. These claimants were entitled to present their claim, and have the same accepted, if necessary, and then receive their pro rata share of the estate of the deceased. If the executrix chose to pay them in full she did so at her peril, and if she is now in trouble she has no one to blame but herself for the position in which she now is.

It seems to me, therefore, that the contestant in this case is entitled to the pro rata share which the amount of personalty received from the estate bears to all of the debts. Let findings and decree be presented accordingly. Decreed accordingly.