Matter of the Application of ANNA R. MAHNKEN, as Administratrix of the Estate of HENRY MAHNKEN, Deceased.

(Surrogate's Court, Bronx County, September, 1917.)

Decedents' estates — executors and administrators — application for order granting leave to enter into possession of real property denied — motions and orders — Code Civ. Pro. § 2701.

An *ex parte* application, under section 2701 of the Code of Civil Procedure, for an order granting an administratrix leave to enter into possession of real property of which decedent

died seized, denied upon the ground that the petition did not state facts sufficient to justify the granting of the order. Where facts are such as to justify an application under said section, the relief asked for cannot be granted without the issuance of a citation.

APPLICATION for an order granting leave to an administratrix to enter into the possession of real property of which a decedent died seized.

Spitz & Bromberger, for petitioner.

SCHULZ, S. This is an *ex parte* application for an order granting leave to an administratrix to enter into the possession of the real property of which a decedent died seized. The reason the order is desired is stated to be that a tenant in one of the parcels of such real property refuses to pay the rent therefor unless such order is made.

I can find no authority sanctioning the making of such an order upon the facts alleged. Section 2701 of the Code of Civil Procedure which counsel has drawn to my attention does not cover the matter. That section provides that application for the relief mentioned may be made and that if from the petition "it shall appear that a mortgage, lease or sale of such real property will be necessary unless the purposes specified in section 2703 of this title be otherwise fulfilled, a citation shall issue * * *."

The petition in this matter alleges that no "mortgage, lease or sale of such real property hereinbefore set forth or any part thereof will be necessary at this time."

It is evident that the provisions of the section in question were intended to obviate the necessity of a sale and perhaps a sacrifice of real estate for the purposes stated in section 2703 of the Code of Civil Procedure, when the same could be prevented by empower-

ing the personal representative to collect the rents and apply them to the payment thereof. See note to this section in the Report of the Revision Commission, February 9, 1914; Jessup & Redfield Surr. Pr. § 967.

It will further be noted that even where the facts are such as to justify an application under section 2701 of the Code the relief cannot be granted without the issuance of a citation to the known persons within the state of New York who have the legal title to such real estate by descent or devise to show cause why the prayer of the petition should not be granted. The application must therefore be denied.

Application denied.