Matter of an Application for Leave to Enter Into Possession and to Manage and Control and Receive the Rents of Real Property Left by CHARITY C. MOULD, Deceased.

(Surrogate's Court, Westchester County, December, 1920.)

Wills — construction of — when application by executor for leave to enter into possession of all real estate to manage and control the same granted — legacy — Code Civ. Pro. § 2701.

A will relating to both real and personal property, after bequests amounting to $40,500, devised the remainder of the estate to a certain person. The personal property now in the hands of the executor amounts to $20,000 and a proceeding is pending for the construction of the will and to determine whether the legacies are a charge upon the real estate. The residuary devisee has conveyed all her interest in the estate to a corporation. *Held,* that upon an allegation that a sale of the real estate will be necessary in the administration of the estate, an application by the executor under section 2701 of the Code of Civil Procedure for leave to enter into possession of all the real estate of his testatrix and to manage and control the same and receive the rents, will be granted.

In the event of a denial of the petition in the proceeding relating to the implied charge of legacy upon the real estate, the order placing the executor in charge may be set aside.

Should, however, it be held that the real estate is taken by the devisee charged with the payment of the legacies it is to the interest of all concerned that the real estate should be

properly controlled and conserved by placing it in the hands of the executor who must finally account to all parties in interest for the rent; the right of the corporation grantee in the real property is subject to the general power of the court to conserve the assets of the estate.

PROCEEDING to permit executor to enter into possession of real property.

Thomas J. Towers, for petitioner.

C. Bertram Plante, for Diurnal Realty Corporation.

SLATER, S.  This is a proceeding under section 2701 of the Code of Civil Procedure, wherein the executor asks leave of the court to enter into possession of all the real property of the decedent, and to manage and control the same and receive the rents therefrom, alleging that a sale of such real property will be necessary. The estate consists of certain personal and real property. The will gives legacies amounting to $40,500 and the remainder of the estate to a certain named devisee. It is alleged that the personal property now in the hands of the executor amounts to $20,000. Another proceeding is pending in this court to construe the will, and determine whether the legacies are an implied charge upon the real property. The residuary devisee has conveyed all her interest by deed to the realty corporation, and such corporation contends that the court is without jurisdiction to grant the prayer of the petitioner.

With this contention, the court cannot agree. The power granted in section 2701 is quite distinct from the powers in section 2702 and the subsequent sections relating to the mortgage, or sale of real property. This section is new, and the relief is needed in proper cases. The revisor's note states why it was added to

Surrogate's Court, Westchester County, December, 1920.    [Vol. 113.

the Code. The executor claims that the personal property in his hands is insufficient to pay the legacies and that the legacies are a charge upon the land. With this thought in mind, he makes application under section 2701. The will contains a power of sale. If it should be held that the legacies are charged upon the real property, the executor must execute the power of sale, and cannot proceed under section 2702. But, before the exercise of the power in the will, or by direction of the court under section 2702, when a will fails to give a power of sale, the law provides by section 2701 a way to temporarily stay the hand of the devisee, while the executor has time to work out the problems of the estate. If the debts of an estate exceed the personalty, and it is fair to suppose that the realty will have to be sold, or mortgaged, to satisfy the debts, should not an executor have charge of all of the land and the rents accruing therefrom, until the final accounting? The reason for section 2701 is indeed plain. This section is useful and effective, whether the sale is under a power in the will, or under the authority of section 2702. The procedure in section 2702 *et seq.* logically follows section 2701, and provides the direction for bringing about the sale of realty in those cases where the will fails to give the executor power to convert the realty into personalty. It seems to be apparent that the legislature intended section 2701 to cover just such a case as this. The surrogate is granted power to place the executor in control of the real estate until the time of final accounting. It is true that the title to land given under a will passes to the devisee, subject, however, to the payment of debts and legacies, whether the legacies are made an express charge upon the land, or are made a charge by decree of the court. Personal property must first be exhausted in the payment of debts and legacies and, if

it is insufficient, then resort must be made to real property. *Hyde* v. *Tanner,* 1 Barb. 75, 80. The deed to the corporation is chargeable with the payment of debts and legacies of the decedent. Such a conveyance cannot defeat the claim, either of creditors or legatees during the duration of the statutory lien, or until the power of sale in the will is exercised to pay legacies. *Matter of Doyle,* 180 App. Div. 398.

The will was admitted to probate on October 8, 1920. The estate is in process of administration. The most valuable realty asset is subject to a first and second mortgage, upon which payments are due. The province of section 2701 is to conserve. The executor at the threshold of administration asks the court to place him in a position to properly and fully perform the functions of his office.

The Surrogate's Court would certainly be impotent if it could not be said that under section 2701, amplified by the powers in section 2510 and by subdivision 11 of section 2490, it had full and ample jurisdiction to assist an executor in this manner in the administration of an estate. Without such jurisdiction and direction, a devisee might take possession of real estate of a decedent, lessen its value, create a loss, and cause the executor to go into the Supreme Court to recover the land, if it was found by a decree of the Surrogate's Court, or of an appellate court, that the real estate must be sold for the payment of debts or legacies. The case of *Coann* v. *Culver,* 188 N. Y. 9, cited by the realty company, is not in discord with this view. In that case, it was not pretended that any charge upon the real estate in favor of the debts, or legacies, was expressly created, and the language of the will does not permit of any implication being intended. In the instant case, it is claimed that the real estate is

charged with the payment of the legacies.   This question is now being litigated.

Neither is this opinion contrary to the thoughts expressed by Surrogate Schulz in *Matter of Mahnken,* 101 Misc. Rep. 175.

Under the broad, general equity powers of the court, as well as under section 2701, I shall hold that this court has jurisdiction to entertain the petition herein and to grant the necessary relief.   If the prayer of the petitioner in the other pending proceeding, relating to the implied charge of legacies upon the real estate, be denied, then an order placing the executor in charge of the real estate may be set aside.   Should, however, it be held that the real estate is taken by the devisee, charged with the payment of the legacies, then it is to the interest, not alone of the legatees, but of the ultimate devisee, that the real estate should be properly controlled and conserved by having it placed in the hands of the appointee of this court, the executor of the estate, who must finally account to all parties in interest for the rents.   The right of the corporation in the real property is subject to the general power of this court to conserve the assets of the estate; to cause the executors to pay debts and legacies; make a final accounting and procure a decree adjudicating the rights of the parties interested, as justice requires. The devisee is not prejudiced, only to the extent of delay in the enjoyment of the estate devised.

The facts in this case justify the relief permitted by the Code.   The application is granted.

Application granted.