In the Matter of an Application for Leave to Enter into Possession and to Manage and Control and Receive the Rents of Real Property Left by CHARITY C. MOULD, Deceased.

DIURNAL REALTY CORPORATION, Appellant; BENJAMIN H. SWEET, as Executor, etc., of CHARITY C. MOULD, Deceased, Respondent.

Second Department, March 11, 1921.

Executors and administrators — when executor is properly granted leave under Code of Civil Procedure, section 2701, to enter into possession of testator's real property and manage and control same — effect of transfer by non-resident legatee of her interest in estate before probate of will — constitutional law — due process of law.

The application of an executor made under section 2701 of the Code of Civil Procedure immediately after the probate of a will, to enter into possession of the real property disposed of therein and to manage and receive the rents of the same, should be granted, where it appears that there are legacies to be paid out of the estate of the decedent to the amount of $35,500; that the total personal estate at the time of decedent's death did not exceed $20,000 and her equity in real property did not exceed $20,000, with an indebtedness of $2,000; that the residuary devisee, a non-resident, divested herself of all her interest in the real property prior to the probate of the will; that an application by the executor is pending before the surrogate for a judicial construction of the will to ascertain whether the real property is charged with the payment of the legacies, and that there are installments of interest and principal falling due on mortgages, which if not paid may bring about foreclosure.

Such an order does not deprive the residuary devisee, or her grantee, of property without due process of law, since no constitutional right of the devisee is interfered with, as she takes the real estate of the decedent subject to any claims against it, whether by creditors or legatees.

APPEAL by Diurnal Realty Corporation from an order of the Surrogate's Court of the county of Westchester, entered in the office of the clerk of said court on the 6th day of December, 1920, granting leave to the executor of Charity C. Mould, deceased, to enter into possession of the real property of the deceased and to manage and control the same and receive the rents thereof, until further order of the court.

*C. Bertram Plante,* for the appellant.

*Thomas J. Towers,* for the respondent.

KELLY, J.:

Charity C. Mould died on May 22, 1920, leaving a will which was admitted to probate by the surrogate of Westchester county on October 8, 1920, in which she bequeaths an aggregate sum of $40,500, as well as various articles of personal property in legacies to her sister, niece, nephew and other persons named. The residue of her estate, real and personal, including a cemetery lot, she gives, devises and bequeaths to Florence A. Coombs, " who grew up as a child in my family and lived with me for many years, the same to have and to hold forever." In the 10th paragraph of her will she gives her executor power to sell and convey all or any part of her real estate at public or private sale and on such terms as he may deem proper, with full power to execute necessary deeds or other papers.

The will is dated February 5, 1919. One of the legatees named died before the testatrix, reducing the aggregate of the legacies to $35,500. The total personal estate at the date of the will did not exceed $26,000, and at the date of death did not exceed $20,000. The testatrix left several parcels of real estate, but one of which was income producing and that was incumbered by mortgage. The equity of the testatrix in the various parcels did not exceed $20,000. Her other indebtedness did not exceed $2,000.

On September 29, 1920, Florence A. Coombs, the residuary

devisee and legatee, who resides in the State of Michigan, without waiting for the probate of the will, made a deed of all of the real property of the decedent to the appellant, the Diurnal Realty Corporation.

The will having been admitted to probate on October 8, 1920, the executor at once made application to the surrogate for a judicial construction of the instrument to determine whether the real property of the testatrix was charged with the payment of the legacies, and applied under section 2701 of the Code of Civil Procedure for an order granting to him leave pending the decision of the surrogate on the construction of the will to enter into possession of the real property of the decedent and to manage and control the same and receive the rents and profits thereof. He alleges that there are installments of principal and interest falling due on the mortgages which, if not paid, may bring about foreclosure, and he considers it to be his duty pending the determination of the question whether the legatees have a right to look to the real property for payment, to protect it from the vicissitudes which might result in its disappearance. Apparently he is not reassured by the conveyance made by Miss Coombs before the probate of the will.

The surrogate granted the order applied for, allowing the executor to enter into possession of the real estate, stating in his opinion: " If the prayer of the petitioner in the other pending proceeding, relating to the implied charge of legacies upon the real estate, be denied, then an order placing the executor in charge of the real estate may be set aside." (113 Misc. Rep. 602.)

The Diurnal Realty Corporation, the grantee in the deed made in advance of the probate, appeals from the order upon the ground that the surrogate was without jurisdiction to make it; that the residuary legatee or devisee was the owner of the realty upon the death of the testatrix, and that section 2701 of the Code of Civil Procedure, if interpreted according to the surrogate's decision, is unconstitutional as depriving the residuary devisee and the appellant, her grantee, of their property without due process of law.

I can find no decision on the point raised by the appellant. Section 2701 of the Code of Civil Procedure was added in the

revision of the Code provisions relative to surrogates and surrogates' courts. (Laws of 1914, chap. 443.) It reads as follows:

" § 2701. When rents of real property may be received by the executor or administrator. An executor or administrator may present a petition to the surrogate's court praying for leave to enter into possession of real property left by his decedent and to manage and control the same and receive the rents thereof. If from such petition it shall appear that a mortgage, lease or sale of such real property will be necessary unless the purposes specified in section 2703 of this title be otherwise fulfilled, a citation shall issue to all known persons within the State of New York who have the legal title to such real estate by descent or devise to show cause why the prayer of the petition should not be granted. Upon the return of the citation the surrogate may, in his discretion, grant the prayer of such petition upon such terms and conditions as justice shall require. The net rents so collected shall be held by the executor or administrator and be brought into court upon the judicial settlement of the account of such executor or administrator and there disposed of as provided in section 2711 of this title for the disposition of proceeds of mortgage, lease or sale of real estate."

The revisers say in their note to the section:

" Note.— It has always worked out as an injustice to creditors that the heir or devisee should be able to collect rents for many months from real estate which equitably belonged to the creditors. It has also worked injustice to resident and competent part owners that their interests should be sold when a few months' rent would have discharged all the debts. Therefore, it has seemed to be wise and just, and within the power of the court, to authorize the representative to enter into possession of the real estate, when all of it may eventually be required to be mortgaged, leased or sold, and to collect the rents and bring them into court upon his judicial settlement to be accounted for and applied as may be necessary. This plan will also put someone in charge of real estate owned by non-residents, absentees or incompetents, where now no one has the right to collect the rents." (Senate Doc. 1914, vol. 11, No. 23, p. 228.)

I do not think that the surrogate, upon the application which resulted in the order appealed from, was called upon to decide the question whether the legacies were chargeable upon the real estate of the decedent, or that this court is called upon to decide the question upon this appeal. It cannot be denied that the executor was entirely within his rights in promptly applying to the surrogate for construction of the will and that such construction was within the power and jurisdiction of the Surrogate's Court. (Code Civ. Proc. §§ 2490 [former § 2481], 2510, 2615; Borrowe v. Corbin, 31 App. Div. 172; affd., 165 N. Y. 634; Matter of Friedell, 20 App. Div. 382.) If the legacies in this will are chargeable upon the real estate, it may if necessary be sold under the Code of Civil Procedure (§ 2703, subd. 5) for the payment thereof, notwithstanding the devise to Miss Coombs. In such case the executor may be called upon to exercise the power of sale given to him in the will. The devise is subject to lawful claims against the real estate. The petition of the executor upon which the order appealed from was granted makes out a prima facie case at least, and I think the executor under the circumstances here presented is justified, pending decision of his application for construction, in his effort to preserve the status quo.

I think the new section 2701 is applicable to such a situation. It is true that the revisers in their note refer to the injustice worked to creditors by the collection by heirs of rents from real estate which equitably belongs to the creditors, but the same reasoning applies in the case of legatees who may have the right to look to the real estate for payment of their legacies. It is also wise and just that, pending prompt ascertainment of the rights and equities of all parties interested in the estate, the Surrogate's Court, which is the tribunal immediately charged with the management and supervision of decedents' estates, should have the power to protect the property in the interest of all concerned. No constitutional right of the devisee is interfered with. She takes the real estate of the decedent subject to any legal claim against it, whether by creditors or legatees. The Code section provides that upon notice to and after hearing all persons within the State who have legal title to the real estate the surrogate " may, in his discretion, grant the prayer of such petition upon such terms

and conditions as justice shall require." This appears to be a reasonable and orderly procedure in the case at bar where the residuary devisee is a non-resident of the State who, in advance of probate of the will upon which her title depends, has divested herself of all her interest in the real estate of decedent under that instrument. There is no charge of laches or delay on the part of the executor in the performance of his duties, the devisee loses nothing except the right to immediate possession of the real estate and the rentals which may not belong to her. If they do belong to her free from claims of creditors and legatees, she will receive her property promptly upon the decision of the surrogate on the construction of the will. I think the order appealed from is within the spirit of the legislative intent and within the language of the section referred to, and advise affirmance of the order.

The order of the Surrogate's Court of Westchester county should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concur.

Order of the Surrogate's Court of Westchester county affirmed, with ten dollars costs and disbursements.