In the Matter of the Judicial Settlement of the Final Account of Proceedings of MAMIE J. PURDY, as One of the Executrices, etc., of LIVINGSTON R. PURDY, Deceased.

Surrogate's Court, Westchester County, April 7, 1927.

Wills — construction — testator gave remainder of estate to his wife for life — on her death certain designated house and lot was to go to niece, in trust, to pay income to nephew — another parcel on wife's death was given to second niece — residue, then remaining, was given to first niece — devise to second niece, dying before testator, lapsed and passed under will to first niece absolutely, subject only to life estate of widow — executrix had no right to deal with real property or collect rentals in absence of power of sale in will — executrix not entitled to commissions upon rentals of real property given to life tenant — fact that life tenant did not manage property does not warrant allowance to executrix — such commissions as are allowed must be divided equally between two executrices — transfer tax properly paid out of property transferred.

Testator after making several specific bequests gave the remainder of his real and personal property to his wife for life, with a direction that on her death a certain designated house and lot be given to a niece, in trust, to pay the income thereof to testator's nephew for life. The will after reciting that the property was to go to said niece upon said nephew's death, further provided that on the death of the testator's wife, another parcel of real property should go to the second niece and the residue of the estate, then remaining, to the niece to whom was given the property in trust for testator's nephew.

The devise to the second niece, on her death before the testator, lapsed and passed by the general residuary provisions of the will to the niece first named as absolute owner thereof, subject to the widow's life estate therein.

The personal property of the estate was more than ample to pay all debts and claims against the estate and in the absence of any power of sale in the will the accounting executrix had no right to deal with the real property, collect the rentals, make repairs or manage or control it. Accordingly, she will be denied commissions upon the rentals of the real property of the estate given to the widow, the life tenant, though the property was not taken over by said widow because she was allowed to believe she had no right to control it at that time; the executrices who collected the rentals were merely volunteers without right or authority to assume possession of the real property and collect the rents, and, therefore, they are not entitled to commissions upon the amount of rentals.

Such commissions as are allowed them upon this accounting must be divided equally between them, notwithstanding the fact that the accounting executrix claimed she performed more work than the other.

The transfer tax was properly paid out of property transferred.

ACCOUNTING proceeding involving construction of will.

*John M. Digney* [*Henry P. Griffin* of counsel], for the accounting executrix.

*John J. Hughes,* for the life tenant.

Surrogate's Court, Westchester County, April, 1927.    [Vol. 129

SLATER, S.   This opinion will deal with the construction of the will and the disposition of certain objections to the account of proceedings.   The decedent died January 16, 1925, leaving a last will and testament admitted to probate the 25th day of March, 1925. The will directs the payment of debts, gives $100 in trust to a cemetery, and bequeaths to the widow jewelry, automobiles and the sum of $2,000.   The 4th and 5th paragraphs are as follows:

"*Fourth.* All the rest, residue and remainder of my property, both real and personal, and wheresoever the same may be situated, not hereinbefore disposed of, I give devise and bequeath unto my said wife, Fannie P. Purdy, for and during the term of her natural life.   At the death of my said wife, I give devise and bequeath unto my niece, Mamie J. Purdy, daughter of Gabriel L. Purdy, the house and lot known as Number Seventy-seven (77) Orawaupum Street, White Plains, Westchester County, N. Y., in trust nevertheless, to pay the income thereof after deducting all sums for taxes, assessments and necessary repairs, unto my nephew Alfred D. Knapp, for and during his natural life and at his death, I give devise and bequeath said house and lot known as Number Seventy-seven (77) Orawaupum Street, White Plains, Westchester County, N. Y., unto my said niece Mamie J. Purdy, to her and her heirs and assigns forever.   And at the death of my said wife as aforesaid, I give, devise and bequeath unto my niece Ella A. Purdy Lawrence, daughter of Gabriel L. Purdy, the house and lot known as Number Eighty-seven (87) Orawaupum Street, White Plains, Westchester County, N. Y., to her and her heirs and assigns forever.   And at the death of my said wife, as aforesaid, I give and bequeath unto my nephew, Albert Purdy, son of my brother Elijah Purdy, the sum of Five hundred ($500.00) dollars.

"*Fifth.* All the rest, residue and remainder of my property and estate, both real and personal, then remaining, I give devise and bequeath unto my said niece Mamie J. Purdy, daughter of Gabriel L. Purdy, to her and her heirs and assigns forever."

Ella A. Purdy Lawrence, the devisee, of No. 87 Orawaupum street, White Plains, predeceased the testator.   The devise of No. 87 Orawaupum street lapsed and passes by the general residuary provision in paragraph 5th of the will to Mamie J. Purdy, as the absolute owner thereof, subject only to the life estate therein of the widow, Fannie P. Purdy.   (*Matter of Allen*, 111 Misc. 93, 120; 202 App. Div. 810; 236 N. Y. 503.)

Nearly two years have elapsed since the death of the testatrix and the filing of this account of proceedings.   There are several parcels of free and clear real estate.   The personal estate amounted to over $9,000.   The claims, transfer tax and costs of administra-

tion amounted to about $6,000. The accounting executrix claims commissions upon the rentals of the real property of the estate given to the life tenant.

An *administrator* has no relation to the realty, except when acting under the provisions of the law to effect its sale for the payment of debts, nor can an *executor* be allowed commissions if no duty respecting the realty is imposed on him by the will, or by law, or granted by an order made under section 232 of the Surrogate's Court Act. The will may bring the realty under the court's dominion and administration. In the instant case it does not.

It may be stated as a general rule that all rights in real estate are represented solely by the heir or devisee. There are two classes of representatives; that is, executors and administrators, and real representatives, that is, the heir or devisee. A gift of a life estate in real property, or personal property, creates an estate therein. It is subject to the debts of the estate, the transfer tax, and any application pursuant to section 232 of the Surrogate's Court Act. If no duties are charged on the executor by the will with respect to their application, no estate or trust is created in them in respect thereto. With respect to real estate, unless it is devised to the executor on an express trust, the heir or devisee is the only person who has the right to take possession and have enjoyment thereof, subject, however, to satisfy the debts of the deceased, the expenses of administration and subject to section 232 of the Surrogate's Court Act.

It cannot be gathered from this will, expressed or implied, that the executrices as such had any duty to perform with regard to the real estate. The will contains no power of sale. They had no right to deal with the real property, collect the rentals, or make repairs, or manage or control it. This right belonged exclusively to the life tenant with the use of the premises. (*Butler* v. *Townsend*, 84 Hun, 100.)

Surrogate CHURCH, in *Matter of Fleming* (51 Misc. 662), in speaking of personal property, said: " By the second codicil of the will in question a life interest in the property mentioned was given directly to the husband  *  *  *. Consequently, *the life tenant is entitled to the immediate possession of such property.* This should not be done, however, until a bond satisfactory to the remainderman is given for the proper conduct of the life tenant." As the personal property is primarily charged with the debts and the claims against the estate, the personal property should be subject to the control of the executor, or, if paid over soon after the death, a bond should be required.

*Matter of Gill* (42 Misc. 457); *Matter of Blow* (2 Con. 360);

*Carman* v. *Brown* (COFFIN, S., 4 Dem. 96); *James* v. *Beesly* (4 Redf. 236) set forth the fundamental law upon the question of control of real estate by executors, upon similar facts as here exist. (*Matter of Benedict,* 16 N. Y. Supp. 716.)

In the instant case we are dealing with real estate. The personal property was more than ample to pay all debts and claims against the estate. The real estate, however, was not taken possession of by the widow, the life tenant, because she was led to understand that she did not have the right to control it at that time. Consequently, the rentals were collected by the executrices. In my opinion, they become simply volunteers without right or authority to assume possession of the real property and collect the rents. They are not entitled to receive commissions upon the amount of the rentals, because such rents were not lawfully collected. By lawful collection I mean where the duty of taking charge of realty was imposed by the will; where the executor acting in the interest of the estate has collected rents; where the court has placed the executor in charge of real estate; where he sells to pay claims and expenses of administration.

The revisers in 1914 added a new section to the Surrogate's Court Act (§ 232) entitled "When rents of real property may be received by the executor or administrator." The reason for this new section is stated in the revisers' note:

"NOTE. It has always worked out as an injustice to creditors that the heir or devisee should be able to collect rents for many months from real estate which equitably belonged to the creditors * * *. Therefore, it has seemed to be wise and just and within the power of the court to authorize the representative to enter into possession of the real estate when all of it may eventually be required to be mortgaged, leased or sold, and to collect the rents and bring them into court upon his judicial settlement to be accounted for and applied as may be necessary."

At any time in the administration of an estate, when an executor is not in control of real property and he has reason to believe that debts and claims will exceed the amount of personalty, it becomes his duty to act under section 232 and by order of the court be placed in possession and control of real estate; to be permitted to collect rents and subsequently be allowed commissions thereon. (*Matter of Mould,* 113 Misc. 602; affd., 195 App. Div. 822.)

The law of this case upon this point is applied to the facts of the case. A different state of facts could change the law as to the right of an executor to possess himself of the real estate.

The accounting executrix claims to be entitled to *all* the commissions to be allowed upon this accounting because she has performed more work than the other executrix, the widow. That one

executor voluntarily, or perhaps by design, takes possession of all the assets and transacts substantially all the business of the estate does not thereby become entitled to receive all the commissions to the exclusion of the coexecutor. Commissions allowed upon this accounting proceeding are to be divided equally between the two executrices.

The remaining question relates to transfer taxes upon the individual shares given and devised by the will. The transfer tax on the estate was assessed as follows: The widow, $27.98; Alfred D. Knapp, nephew, $63.35; Mamie J. Purdy, niece, $750.12.

The whole amount of $841.45 was paid by a single check signed by the two executrices. It is the court's opinion that it was property paid out of property transferred. The fact that the life tenant loses during the continuation of her estate the interest upon the corpus of the trust so paid out, and the remainderman receives his estate diminished by the amount of such payment is a matter for the Legislature to consider, and not for the courts. Whether this works exact justice between the life tenant and the remaindermen is a question with which the court is not concerned. (*Matter of Vanderbilt*, 172 N. Y. 69; *Matter of Tracy*, 179 id. 501; *Matter of Murphy*, 124 Misc. 672; *Matter of Fleischer*, 125 id. 321; *Matter of Bushnell*, 73 App. Div. 325; affd., 172 N. Y. 649; *Matter of Hoyt*, 44 Misc. 76; Tax Law, §§ 222, 224, as amd. by Laws of 1921, chap. 476.)

A bond with proper sureties will be exacted in the amount of the personal property held by the life tenant.

The decree will be according to these views.