ESTATE OF ALLEN : ALLEN and another, by Guardian *ad litem,*
Appellants, vs. FIRST NATIONAL BANK OF MADISON,
Executor, and others, Respondents.

*March 12—April 13, 1943.*

For the appellants there was a brief by *W. Wade Boardman,* guardian *ad litem,* attorney, and *Roberts, Roe & Boardman* of counsel, all of Madison, and oral argument by *Mr. Boardman.*

For the respondent Elizabeth Emerson Allen there was a brief by *Stroud, Stebbins & Wingert* of Madison, and oral argument by *R. M. Stroud.*

For the respondent state of Wisconsin there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons.*

FRITZ, J. No question is raised on this appeal as to the total amount of inheritance taxes payable in the estate under ch. 72, Stats., to the state of Wisconsin. Appellants contend that the order of July 28, 1942, is erroneous in so far as the court thereby determined the incidence and method of payment of the taxes. By her will and codicils Katharine Allen bequeathed to Elizabeth E. Allen a legacy of $20,000, certain personal property, the cancellation of her indebtedness to the testatrix; and in relation to the residue of her property, after payment of several other specific legacies, etc., a trust was created, the net income of the corpus whereof was to be paid to Elizabeth E. Allen during her life; and thereafter the corpus was to be distributed to testatrix's nephews and a niece, including the appellants Andrews Allen and Katharine E. Allen. In an order dated September 8, 1941, the court's findings in relation to the respective distributive shares of the legatees and "the amount of tax due from each" provided in part:

| | Distributive Share | Taxes |
|---|---|---|
| Elizabeth E. Allen | $100,225.42 | $19,543.95 |
| Katharine E. Allen | 14,947.19 | 336.62 |
| Andrews Allen | 15,004.51 | 338.12 |

On a rehearing granted on the petition of Elizabeth E. Allen, the parties stipulated, in substance (so far as here material),

that the values of Elizabeth E. Allen's legacies are: Life interest in trust estate, $65,866.70; specific cash legacy and other bequests, $34,358.72; making a total of $100,225.42; and that on the $65,866.70 valued life interest the total inheritance tax would be $12,708.80 (computed as if it was the only legacy she was receiving; and without admitting the propriety or legality of the use of such computation). In respect to that tax of $12,708.80, Elizabeth E. Allen contended that under sec. 72.15 (5), Stats., it should be paid and deducted from the corpus of the trust, and not from her legacy of $20,000; and that from the latter there can be deducted by the executors only such taxes as are assessable and paid on her distributive share, other than the life estate under the will. The court sustained these contentions and ordered:

"That the inheritance tax due and chargeable against" Elizabeth E. Allen, "should be prorated according to the respective amounts of the various bequests, and the value of her beneficial interest in the trust, and that the tax be paid accordingly; that which is chargeable against her beneficial interest in the trust estate to be deducted from the corpus."

That order determining the incidence and method of payment of the tax in question must be sustained. The statutory provisions applicable, for the purpose of inheritance taxation, to the determination of the value of the property constituting the corpus of the trust, the respective interests therein of the life tenant and of the remaindermen, and the incidence and method of payment of the taxes imposed, are the following provisions in sec. 72.15, Stats.:

"(5) *Basis for appraisal of future estates.* . . . The value of every future or limited estate, income, interest, or annuity dependent upon any life or lives in being, shall be determined by the rule, method and standard of mortality and rate of interest employed by the commissioner of insurance in ascertaining the value of policies of life insurance and annuities for the determination of liabilities of life insurance companies, except

that for every future or limited estate, income, interest or annuity the value of which is not based upon an assumed rate of interest the rate of interest for making such computation shall be five per cent per annum. The tax so determined shall be construed to be upon the transfer of a proportion of the principal or corpus of the estate equal to the present value of such future or limited estate, income, interest or annuity, and not upon any earnings or income of said property produced after death, and such earnings or income shall not be exempt from the income tax. Such tax shall be due and payable forthwith out of the property transferred."

It is undisputed that the court rightly determined, in accordance with those provisions, the value of the respective estates or interests in the corpus of the trust which were transferred under the will and the amounts of the taxes imposed upon the transfer of each estate or interest. But appellants contend that the state inheritance taxes are imposed upon the privilege of receiving an inheritance or legacy and the burden thereof is upon the recipient; that the taxes imposed on account of a life estate are no exception to the rule, and should be borne by the beneficiary of such estate; and that therefore the taxes on the value of Elizabeth E. Allen's beneficial interest in the corpus of the trust property and chargeable against such interest should be borne by her, as the beneficiary thereof, and should not be deducted from the corpus. Appellants claim that the problem as to upon whom there shall be imposed the burden of such taxes upon the transfer of a vested life, or future limited, estate has not been decided by this court in a contest on that question. Appellants cite *State ex rel. Kempsmith v. Widule,* 161 Wis. 389, 390, 154 N. W. 695, in which the facts show with respect to an annuity, that "In due course, the bequest was valued under the inheritance tax law of the state, the prescribed inheritance tax was assessed thereon, and was paid by or on account of the beneficiary." And, on the other hand appellants cite *Miller v. Douglass,* 192 Wis. 486, 507, 213 N. W. 320, in which this court, after noting that

the trial court held that inheritance taxes on testamentary life estates were payable out of the corpus of the trust, said, "The correctness of this holding is not challenged by any of the counsel in this case, and it appears to be the law, as is shown by the following cases, cited in the brief of respondents' counsel: *People v. Lowenstein,* 284 Ill. 126, 119 N. E. 917; *Matter of Tracy,* 179 N. Y. 501, 72 N. E. 519; *Title G. & T. Co. v. Lohrke* (N. J.), 102 Atl. 660; *Parkhurst v. Ginn,* 228 Mass. 159, 117 N. E. 202."

When this court said that in the *Miller Case, supra,* there was not in the last sentence of sec. 72.15 (5), Stats., quoted above, the final phrase "out of the property transferred," which was added by an amendment enacted by ch. 355, Laws of 1937. Particularly since the addition of that phrase, the language used in sub. (5) of sec. 72.15 that "The tax so determined," when imposed upon the transfer of a vested future or limited estate, dependent upon a life or lives in being, "shall be construed to be upon the transfer of a proportion of the principal or corpus of the estate," and that "Such tax shall be due and payable forthwith out of the property transferred," is explicit, and leaves no opportunity for holding that the tax shall be due and payable from some source other than the principal or corpus of the estate. Prior to the amendment of sub. (5) of sec. 72.15, Stats., by ch. 355, Laws of 1937, the clause "such tax so imposed shall be due and payable forthwith out of the property transferred" was in the companion sub. (8) of sec. 72.15, Stats., which is in relation to the tax on transfers of rights, interests, or estates that are dependent upon contingencies whereby they may be wholly or in part created, defeated, or changed; and that clause was at the end of a long section numbered 230, ch. 908, Laws of (N. Y.) 1896, p. 874, of the New York Transfer Tax Law, when the essential features in our Inheritance Tax Law, now ch. 72, Stats., were enacted by ch. 44, Laws of 1903. In that chapter the provisions now in subsections numbered (5) and (8) of

sec. 72.15 were enacted as separate subsections, although in the New York statutes they were part of that long section numbered 230; and as used therein the final phrase "out of the property transferred" in the clause "Such tax shall be due and payable forthwith out of the property transferred" were applicable alike to the transfer of "vested" and the transfer of contingent future or limited interests or estates.

But appellants claim that the phrase "out of the property transferred" was added to sec. 72.15 (5) in 1937 merely to harmonize that subsection with sub. (8) of sec. 72.15, Stats. However that may be, since 1937 that phrase has been in force and effect as part of sub. (5), and as used therein, as well as in sub. (8), of sec. 72.15, Stats., it was evidently copied from sec. 230, ch. 908, Laws of (N. Y.) 1896, p. 874, of the New York Transfer Tax Law, and as such had been construed in 1904 in the *Matter of Tracy,* 179 N. Y. 501, 509, 72 N. E. 519, to require the tax on a vested life estate in trust to be paid from the principal or corpus of the trust estate without right of recoupment. In that case, the court, in reversing an order, which adjudged that the inheritance tax assessed on a life estate created under a testamentary trust be deducted from the income to which the life tenant was entitled, said:

"In *Matter of Vanderbilt,* 172 N. Y. 69, 64 N. E. 782, this court construed section 230 of the transfer tax law, as affecting the payment of the tax upon contingent remainders, and held that the tax was payable forthwith out of the property transferred. Judge HAIGHT, writing for the court said: 'It seems to me clear that the legislature by this amendment intended to change the law upon the subject, and to make the transfer tax upon property transferred in trust payable forthwith. The tax is not required to be paid by the conditional transferee, for, by the provision of the statute, it is "to be paid out of the property transferred." So that whoever may ultimately take the property takes that which remains after the payment of the tax.' As our decision in *Matter of Vanderbilt, supra,* dealt only with a contingent remainder, this case, technically

speaking, is not strictly in point, but the principle announced therein is necessarily involved in life estates created by trusts.

"In the case at bar it is the duty of the executors and trustees to ascertain the value of the respective life estates and estates in remainder in the manner pointed out by section 230; and, having done this, they should compute the transfer tax and pay the same forthwith out of the property transferred. The result is that the life tenant loses, during the continuance of his estate, the interest upon the corpus of the trust so paid out, and eventually the remainderman receives his estate diminished by the amount of said payment. Whether this mode of taxation works out exact justice as between the life tenant and the remainderman is a question with which the court is not concerned. As we read the statute, the legislative intention is clear that the transfer tax shall be paid out of the corpus of the trust estates, and not out of the income. It, therefore, follows that the transfer taxes imposed upon the estates for life and in remainder, created by the $80,000 trust, under which testator's daughter, Jessie B., is the life tenant, are payable out of the principal of that trust; also that the transfer taxes imposed upon the estates for life and in remainder, in the various trusts carved out of the residuary estate, are payable from the principal of said trusts respectively."

Thus, in that decision the provision "such tax so imposed shall be due and payable forthwith out of the property transferred," was held applicable to the transfer by will of a life estate in trust with remainder over, and was construed to require payment of the tax out of the corpus of the trust estate, without right of recoupment thereof from the life tenant; and the result under the law was held to be "that the life tenant loses, during the continuance of his estate, the interest upon the corpus of the trust so paid out, and eventually the remainderman receives his estate diminished by the amount of said payment." That decision appears to have been consistently followed: *Matter of Smathers,* 133 Misc. 812, 234 N. Y. Supp. 99; *Matter of Purdy,* 129 Misc. 297, 221 N. Y. Supp. 468; *Matter of Hoyt,* 44 Misc. 76, 89 N. Y. Supp. 744;

and likewise in accord therewith, substantially, are the decisions in *In re Diehl's Executor*, 88 N. J. Eq. 310, 102 Atl. 738 (aff. 89 N. J. Eq. 209, 103 Atl. 822) ; *Wachovia Bank & Trust Co. v. Lambeth*, 213 N. C. 576, 197 S. E. 179; *Wellman v. Cleveland Trust Co.* 107 Ohio St. 267, 140 N. E. 104; *People v. Lowenstein, supra; Bishop v. Bishop*, 81 Conn. 509, 71 Atl. 583; *Grainger's Ex'rs & Trustees v. Pennebaker*, 247 Ky. 324, 56 S. W. (2d) 1007; and, as stated above, this court, in *Miller v. Douglass, supra*, cited the *Tracy Case, supra*, and considered the holding therein to be correct and applicable in this state, although, at that time, the phrase "out of the property transferred" had not been added to sub. (5) of sec. 72.15, Stats., by ch. 355, Laws of 1937. Certainly since then those words must be given the significance and effect stated in the *Tracy Case, supra*, and consequently the trial court's final determination by the order of July 28, 1942, was right.

The guardian *ad litem* questions the propriety of the order in reopening the hearing which had resulted in the order of September 8, 1941, determining the amount of the tax chargeable to each of the distributive shares, and ordering the executor "to charge the same to the respective shares as taxed herein." The hearing was reopened on a petition which Elizabeth E. Allen filed under sec. 324.05, Stats., on March 2, 1942, for either a retrial or leave to appeal from the order of September 8, 1941, on the grounds that she had no actual notice of the hearing until more than sixty days after the entry of the order; and that, although in December, 1941, she was advised the executor intended to deduct the inheritance tax attributable to all of her legacies from the general bequest to her of $20,000, she was not informed that such payment of the entire tax on her distributive shares "was at variance from the method expressly prescribed by the applicable statutes or was in any wise open to question." The petition, although not filed until almost six months after the order was entered on September 8, 1941, was filed about two months after petitioner

had full knowledge of the facts; and under sec. 324.05, Stats., it was within the discretion of the court to determine, after the lapse of the period of sixty days allowed as the time to appeal, whether to allow an appeal or to reopen the case and grant a new trial. As under the circumstances alleged in the petition and otherwise disclosed by the record, the court could reasonably conclude that justice appeared to require it, there clearly was no abuse of discretion in reopening the hearing and proceeding in the manner which resulted in the order of July 28, 1942.

*By the Court.*—Order affirmed.

BARLOW, J., took no part.