ESTATE OF JANSA: DUSEK and another, Appellants, vs. ONUFREY, Respondent.

*April 2—April 29, 1919.*

*Insanity: Epilepsy: Marriage: Void or voidable?*

1. One may be an epileptic without being insane.
2. A marriage with an epileptic prior to the enactment of ch. 218, Laws 1917, was voidable but not void under the laws of this state.

APPEAL from a judgment of the circuit court for Pierce county: GEORGE THOMPSON, Circuit Judge.    *Affirmed.*

One John Joseph Jansa, for many years a resident of Pierce county, for about fifteen years prior to his death had been subject to epileptic convulsions.    On May 15, 1913, he was adjudged insane and committed to a hospital.    On December 14, 1915, he was declared sane and his guardian discharged.    In September, 1916, he went to Minneapolis, and while there met the respondent, a widow twenty-five years of age.    About three weeks thereafter he applied for a license to marry the respondent in Wisconsin.    On October 3, 1916, he obtained a second license, and was married to the respondent in Minnesota on October 9, 1916.    The appellants are sisters of the deceased Jansa.    The estate of Jansa was administered and assigned to the respondent as the widow.    An appeal was taken to the circuit court, which held the marriage valid and affirmed the judgment of the county court. From that judgment plaintiffs appeal.

For the appellants there was a brief by *McNally & Doar* of New Richmond, and oral argument by *W. T. Doar.*

For the respondent there was a brief by *Geo. B. Skogmo, John F. Kuehnl,* and *Lynn H. Ashley* of River Falls, attorneys, and *John G. Priebe* of Minneapolis, of counsel; and the cause was argued orally by *Mr. Kuehnl* and *Mr. Skogmo.*

ROSENBERRY, J.    The appellants contend that the marriage is void (1) because Jansa was insane at the time of the marriage, and (2) because a marriage with an epileptic is void under the laws of Wisconsin.

The trial court found that Jansa was not insane at the time of the marriage.    Aside from the fact that Jansa was admittedly an epileptic and that it appears that his mind was to some extent affected, there is little evidence in the case to establish his insanity at the time of the marriage.    It cannot be said that because Jansa was an epileptic he was therefore insane,    It is a matter of common knowledge that epileptics often exhibit great intellectual power.    The finding of the trial court to the effect that Jansa was not insane at the time of the marriage must be sustained.    The finding that Jansa was not insane renders unnecessary the consideration of the question whether or not a marriage with an insane person is void.

It is claimed that a marriage with an epileptic is void under the laws of Wisconsin.    Sub. 1, sec. 2330m, Stats., provides:

"If any person residing and intending to continue to reside in this state who is disabled or prohibited from contracting marriage under the laws of this state shall go into another state or country and there contract a marriage prohibited and declared void by the laws of this state, such marriage shall be null and void for all purposes in this state with the same effect as though such prohibited marriage had been entered into in this state."

At the time of the marriage, October, 1916, sub. 1, sec. 4593m, provided: "No man and woman, either of whom is insane, mentally imbecile, feeble-minded or epileptic, shall intermarry."    For violation of sec. 4593m sec. 4593n provided a penalty by fine or imprisonment, but did not provide that a marriage entered into in violation of the statute should be void.

Sub. 1, sec. 2330, Stats. 1915, provided, ". . . no insane person or idiot shall be capable of contracting marriage." By ch. 218, Laws 1917, the word "epileptic" was inserted between the word "person" and the word "or" in sec. 2330. The laws of Minnesota, where the marriage was performed, were neither pleaded nor proved; so the question arises whether or not in October, 1916, a marriage with an epileptic was void or voidable under the laws of the state of Wisconsin.

The correct doctrine is laid down in *Gould v. Gould,* 78 Conn. 242 (61 Atl. 604), at p. 245:

"A contract for any matter or thing against the prohibition of a statute is treated as void, although the statute does not declare it to be so, if such contract be relied on in any action as the foundation of the right of recovery. . . . But a contract of marriage is *sui generis.* It is simply introductory to the creation of a status, and what that status is the law determines. A contract executed in contravention of law may yet establish a status which the law will recognize, and, if one of the contracting parties were innocent of any intention to violate the law, may recognize as carrying with it in his favor the same rights and duties as if the contract had been entirely unexceptionable."

In this case the trial court found that the defendant did not know that Jansa was an epileptic, and that the marriage was entered into in good faith without any intention on the part of either of the parties thereto to violate the laws of the state of Wisconsin. The basis of the rule is fully discussed in *Gould v. Gould, supra,* and we shall not rediscuss the matter.

That it was not the understanding or intent of the legislature that a marriage made in violation of sec. 4593*m* should be considered void is further evidenced by the fact that sec. 2330 was amended in 1917 so as to make an epileptic incapable of contracting marriage. It is argued that *Gould v. Gould* is not in harmony with the law of Wisconsin, particularly with the conclusions reached in *Lanham v. Lanham,* 136 Wis. 360, 117 N. W. 787. While there is considerable

force to the argument that under the laws of Wisconsin the same reasons do not exist for declaring a marriage voidable rather than void, inasmuch as issue born as a result of a marriage thereafter annulled is not bastardized, nevertheless we are of the opinion that a marriage with an epileptic prior to the enactment of ch. 218, Laws 1917, was voidable and not void under the laws of this state.

*By the Court.*—Judgment affirmed.