ESTATE OF MITCHELL : MITCHELL and another, Appellants,
vs. DEPARTMENT OF TAXATION, Respondent.

*November 3, 1941—February 10, 1942.*

For the appellants there were briefs by *Atwell & Atwell* of Stevens Point, and oral argument by *W. E. Atwell, Jr.*

For the respondent there were briefs by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons.*

The following opinion was filed December 2, 1941:

ROSENBERRY, C. J.   Clara Blake Mitchell died in November, 1933.   She left a last will and testament which has been duly admitted to probate by the county court of Portage county.   By her will she bequeathed to the city of Stevens Point her homestead.   Subsec. b of provision 10 of the will provides:

"I provide that my homestead [description follows] shall remain intact so long as Belle Mitchell and Martha Kling desire to occupy the same as their homestead, and direct that they shall pay all maintenance costs thereof, except taxes which are to be paid by said trustee."

Subsec. c provides:

"Upon the abandonment of such property by the said Belle Mitchell or Martha Kling, or upon the death of either, I authorize the said trustee herein named, providing satisfactory arrangement can be made with the city of Stevens Point in accordance with certain specific instructions which I have heretofore given such trustee, to convey said property to the city

of Stevens Point for park purposes, to be known as the 'Blake-Mitchell Memorial Park.' As to the detailed provisions of such conveyance I leave such matter entirely to the discretion of such trustee to carry out the wishes as previously expressed to him."

The inheritance tax on the estate of Clara Blake Mitchell was determined in the year 1934 and paid. Upon such determination the homestead property was appraised as of the date of the death of Clara Blake Mitchell in the sum of $14,000. In the order or judgment determining such inheritance tax the life estate of Belle Mitchell in such homestead was determined to be of the value of $1,342.39 and the life estate of Martha Kling due to the right of occupancy was determined at the sum of $1,342.39. There was no assessment of inheritance tax on the value of the remainder in the amount of $11,315.22, it being exempt as the bequest to the city was for park purposes. On the 24th day of September, 1940, Belle Mitchell and Martha Kling abandoned their interest in such property and conveyed the same to the trustee. In the month of October, 1940, the city council of the city of Stevens Point declined to accept the bequest to it. Under the terms of the will, Dean S. Mitchell is the sole residuary legatee after completion of the trust and as such received the benefit and value of the homestead property which the city refused to accept. Dean S. Mitchell is the son of the brother of the decedent, Clara Blake Mitchell.

Upon the hearing the court determined that the sum of $11,315.22 was subject to an additional assessment at the rate of eight per cent, or in the amount of $905.22; that the emergency tax thereon was in the sum of $201.30, making a total tax of $1,106.52. The court further determined that the amount of the tax bore interest at the rate of six per cent per annum from the date of the death of Clara Blake Mitchell to the date of payment.

The parties further stipulated that the issues of law presented are as follows: (1) Whether the inheritance taxes are to be computed on the value of the property transferred as of the time of decedent's death, less the value of the intermediate estates, or whether said taxes are to be computed on the value of the property as of the time of the hearing in the county court to determine said taxes, less the value of the intermediate estates.

(2) Whether inheritance taxes assessable on the transfer are subject to interest from the time of decedent's death until such taxes are paid, or whether no interest is chargeable thereon if paid immediately after the determination of such taxes by the county court.

It is the contention of the Department of Taxation, respondent herein, that under the Wisconsin Inheritance Tax Law as it existed in 1911, an inheritance tax upon a future interest was suspended and postponed so that it did not accrue until the end of the intervening estates, at which time the value of future estates and inheritance tax were determined. *State v. Pabst* (1909), 139 Wis. 561, 121 N. W. 351; that by the revision of 1913, the provision for the postponement and suspension of tax upon future estates was repealed. Under that revision the law was so changed that the tax was imposed and accrued on all inheritances upon the death of the decedent, sec. 72.15 (8), Stats. 1933; that by sec. 72.05, Stats. 1933, all inheritance taxes are due and payable at the time of the transfer, which is at the time of the death of the decedent; that sub. (6) of sec. 1087—13, Stats. 1911, now 72.15 (9), was not repealed at the time of the 1913 revision but remained in the statutes and was applicable only to the estates of persons who died prior to the time when the 1913 revision became effective. See *Will of Merrill* (1933), 212 Wis. 15, 248 N. W. 909. In the *Merrill Case* it was held that under a statute identical with the present statute, there was no au-

thority for postponing and suspending tax on future estates until the time of possession and enjoyment thereof.

The department also argues that sec. 72.15 (9), Stats. 1933, is not applicable by its terms because there has been a proceeding to determine the tax and that section applies only when there has been no proceeding.

The questions raised are not easy of solution. If the contention of the department be adopted it is apparent that the statute will then make no provision for a situation such as that disclosed by the facts in this case. At the time of the proceeding had in 1934 to determine the amount of the inheritance tax, the residuary legatee had an estate in expectancy in the lands in question contingent upon an event which might never happen. By the terms of the will the homestead was to become the property of the city of Stevens Point. At that time Stevens Point had neither accepted nor rejected the devise. The inheritance tax was determined on the theory that under the will the remainder belonged to Stevens Point, but having been given to the city for park purposes it was not subject to inheritance taxation and for that reason and no other no tax was levied. If instead of being given to Stevens Point it had been given to a private person, a tax would have been levied and the interest of the remainderman would have been liable for the tax and the entire value of the homestead would have been subjected to an inheritance tax. The fact that because of the provision of the statute mentioned, the devisee named was not liable for the tax does not change the situation. The whole value of the homestead was subjected to the provisions of the tax laws of the state.

We are not advised as to just what form the renunciation by the city of Stevens Point took. It is conceded, at least impliedly, by the stipulation, that it was an effective renunciation of the provisions of the will by which the homestead was devised to Stevens Point. Inasmuch as the residuary legatee asserts his right to the property under a clause of the will, he

must be held to take under the will. It is equally apparent that what he takes under the will is subject to an inheritance tax.

The questions involved are purely statutory. The applicable statutes are secs. 72.13 to 72.15, Stats. 1939. Sec. 72.13 provides for the appointment of an appraiser and by sec. 72.14 he is required to report to the county court and the tax commission the result of his appraisal. This appraisal forms the basis for the hearing and determination of the tax which is to be determined in accordance with the provisions of sec. 72.15. Sec. 72.15 (1) relates to the appointment of a special appraiser; (2) to notice of hearing; (3) to appointment of an additional appraiser; (4) provides that the commissioner of insurance shall on application determine the value of future estates; (5) provides the basis on which future estates shall be valued; (6) relates to the treatment of incumbrances; (7) relates to taxation on relief of estate charged with life interest; (8) provides:

"When property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon such transfer at the lowest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of sections 72.01 to 72.24, inclusive [Inheritance Tax Act]."

The section also provides that upon the happening of certain contingencies a higher rate of tax may be imposed and also provides for the refund of taxes where the transfer would be subject to a lower tax than that levied.

It is apparent from a consideration of these statutes that it was the intention of the legislature that all rights, interests, and estates transferred should be appraised and the tax determined as of the time of the death of the testator. Prior to the revision of the Inheritance Tax Act in 1913, sec. 1087—5 (4),

Stats. 1911, was in force. Under that section it was held that where a transfer of any estate limited, conditioned, or determinable upon the happening of any contingency or future event by reason of which the fair market value thereof cannot be ascertained at the time of the transfer, the tax should accrue and become due and payable when the beneficiary came into actual possession. *State v. Pabst, supra.* That provision was repealed by the revision of 1913. By the revised statute a tax upon the entire estate was to be imposed and paid as of the date of the death of the testator whether the actual enjoyment of the interest transferred be present or future.

"By that revision the state became entitled to an inheritance tax measured by the market value of the interest transferred and the value for taxing purposes was not to be reduced by dividing it into terms, estates and remainders." *Will of Merrill, supra.*

No tax was imposed or attempted to be imposed in the inheritance tax proceedings previously had in the estate of Clara Blake Mitchell on the interest of the residuary legatee. In this case it is the contention of the Department of Taxation that since the revision of 1913 there is no authority in the Inheritance Tax Act for the determination of the tax upon the interest of Dean S. Mitchell as residuary legatee in the homestead in question other than such as would have been imposed as of the death of the testatrix; in other words, that the interest of the residuary legatee who has now come into possession is to be appraised and the tax imposed as if he had received it without the intervention of any term or life estate. This contention is based very largely upon the fact that since the repeal of sec. 1087—5 (4), Stats. 1911, which provided for the postponement of the appraisal and imposition of the tax on future estates, no other provision having been enacted to take its place, there can be no postponement. No reference

is made to sec. 72.21, the applicable portion of which is as follows:

"The public administrator with the consent of the tax commission, expressed in writing, is authorized to enter into an agreement with the executor, administrator, or trustee of any estate therein situate, in which remainders or expectant estates have been of such a nature or so disposed and circumstanced that the taxes therein were held not presently payable *or where the interest of the legatees or devisees are not ascertainable under the provisions of this act,*" etc.

Although this section was a part of the statutes of 1911 and was carried forward without change in substance by the revision of 1913 and has ever since continued in force, there can be no question but that it applies to situations which have arisen since 1913 and it contemplates the fact that there are certain future interests which are by reason of their nature not subject to appraisal and therefore not subject to the imposition of the tax. Where the interest of the legatees is not ascertainable the interest cannot be appraised, the tax imposed or compounded as provided in that section.

It is considered that this case falls within the provisions of sec. 72.15 (9), Stats., which is as follows:

"*Contingent estates.* Estates in expectancy which are contingent or defeasible, and in which proceedings for determination of the tax have not been taken, or where the taxation thereof has been held in abeyance, shall be appraised at their full undiminished clear value when the person entitled thereto shall come into the beneficial enjoyment or possession thereof without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation upon which said estates in expectancy may have been limited. . . ."

It is considered that under this section in case of any interest in an estate in expectancy which is contingent or defeasible where no proceedings have been had for the de-

termination of the tax thereon, whether the failure to appraise the interest and impose the tax is due to the neglect of the taxing officers or to the nature of the estate, sub. (9) applies. Because proceedings had been had in the estate of the testatrix for the determination of the tax on the interests of Belle Mitchell and Martha Kling, the Department of Taxation argues that this case is not within the provisions of sub. (9). It clearly appears, however, from the stipulated facts that no proceedings have ever been had to determine the tax on the interest of the residuary legatee. It is that circumstance which brings this case within sub. (9). If a county court charged with the duty of imposing the tax should erroneously postpone the imposition of the tax, the interest upon which the tax was postponed would nevertheless be subject to assessment under the second clause which provides that the section shall apply where the taxation thereof has been held in abeyance. In *Will of Merrill, supra,* it was correctly held that there is no authority in the statute for postponing a tax on future estates and the tax is to be imposed upon all such estates as are capable of appraisal. Under sub. (8) while the tax is to be imposed upon a future interest it is subject to revision when the contingencies or conditions to which it is subject occur if the other conditions prescribed in the statute are present, that is, the tax should have been assessed at a higher or lower rate.

It is considered that in this case the interest of the residuary legatee was an estate in expectancy contingent upon the happening of an event which might never occur; that no proceeding for the determination of the inheritance tax on this interest has been taken; that the contingency upon which the residuary legatee held the estate has happened and for that reason such interest should be subject to the inheritance tax as provided in said sub. (9), it is to be appraised as of the date when the contingency occurred; the tax should be imposed as of that date in accordance with the provisions of sub. (9).

There is language in the opinion of *Will of Merrill, supra,* which if taken out of its context supports the contention of the department in this case. However, the law is correctly stated as applied to the facts of the *Merrill Case*. That case did not deal with an appraisal and imposition of the tax upon an interest which could not be valued. The interests there under consideration were subject to valuation in accordance with the provisions of sec. 72.15, Stats., already referred to, hence the trial court was in error in refusing to impose the tax.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings as indicated in this opinion.

A motion for a rehearing was denied, without costs, on February 10, 1942.