Estate of Latimer: State, Appellant, vs. Lackey, Special
Administrator, Respondent.

*September 15—October 11, 1955.*

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

For the respondent there was a brief by *Everett P. Doyle* and *Eugene A. Williamson,* both of Delavan, attorneys, and *Carl B. Rix* of Milwaukee of counsel, and oral argument by *Mr. Doyle* and *Mr. Rix.*

BROWN, J.  There is no doubt that the remainders which the will provided for the heirs of Mr. and Mrs. Latimer were estates in expectancy which were contingent or defeasible. It is also undisputable that no proceedings were taken to determine the tax upon them either at the time when the tax upon the vested estates was determined or otherwise until aft-

er Mrs. Widney's death. The calculation of the remainder by subtracting the value of the vested estates from the total estate for distribution, as the court did in the 1924 order, is not a proceeding for determination of the tax. It must also be conceded that the order of the county court, "unknown beneficiaries tax postponed to be determined in future," held in abeyance proceedings for determination of the tax upon the estates in expectancy. These estates, then, and the 1924 proceedings in respect to them are precisely described by sec. 72.15 (9), Stats., and we see no escape from the application of that statute unless we hold, as we did in *Will of Merrill* (1933), 212 Wis. 15, 248 N. W. 909, that sec. 72.15 (9), —a holdover from the Inheritance Tax Act, as it stood prior to its revision in 1913,—was left in the revised act to operate only on estates which had been partially probated and whose tax had been postponed under the earlier law, and had no application to estates whose probate, including inheritance-tax determination, was conducted subsequent to the 1933 revision. But to hold so is to repudiate our 1942 decision in *Estate of Mitchell* (1942), 239 Wis. 498, 1 N. W. (2d) 149, in which, though the *Merrill Case* was called to our attention, we applied sec. 72.15 (9) to an estate in which the determination of tax was postponed in proceedings which were all subsequent to 1913. We said there (p. 506) :

"It clearly appears, however, from the stipulated facts that no proceedings have ever been had to determine the tax on the interest of the residuary legatee. It is that circumstance which brings this case within sub. (9)."

When the *Merrill Case* was decided, and also when the *Mitchell Case* was before us, secs. 72.01 and 72.15 (8), Stats., provided that in the original proceedings there should be some assessment of inheritance tax as of the date of decedent's death, with later revision if necessary when the contingent remainder falls in. Those statutes are still in effect, and in

neither of those cases, nor now, is the county court legally empowered to postpone the determination of at least tentative taxes upon contingent remainders. Regarding postponement, in reference to sec. 72.15 (9) we said, in *Estate of Mitchell, supra* (pp. 505, 506) :

"It is considered that under this section in case of any interest in an estate in expectancy which is contingent or defeasible where no proceedings have been had for the determination of the tax thereon, whether the failure to appraise the interest and impose the tax is due to the neglect of the taxing officers or to the nature of the estate, sub. (9) applies. . . . If a county court charged with the duty of imposing the tax should erroneously postpone the imposition of the tax, the interest upon which the tax was postponed would nevertheless be subject to assessment under the second clause which provides that the section shall apply where the taxation thereof has been held in abeyance."

Respondents submit that a postponed assessment levied on value as of the time when the estate comes into enjoyment, rather than as of the date of the testator's death, is an unconstitutional discrimination between estates, and that, for various reasons, the application of sec. 72.15 (9), Stats., is contrary to public policy. The constitutional objections were considered and a New York statute, identical to ours for present purposes was sustained in *Salomon v. Tax Commission* (1929), 278 U. S. 484, 49 Sup. Ct. 192, 73 L. Ed. 464. By the enactment of the statute the legislature has answered the public-policy objection. Unless sec. 72.15 (9) is now wholly inapplicable to postponed determination, as we said it was in *Will of Merrill, supra,* the contention of the state must be approved. We rejected the *Merrill* doctrine by *Estate of Mitchell, supra.*

We conclude that the present tax determination falls within the terms of sec. 72.15 (9), Stats. We observe, however, that the section affects only the appraised values of the

various contingent remainders. It does not alter the rates and exemptions which apply to them and which remain those in effect at the death of the decedent.

*By the Court.*—Order reversed, and cause remanded for determination of inheritance taxes in accordance with this opinion.