Beilfuss, J.
 

 The statement of the case, as it appears in plaintiff-appellant’s appendix, is as follows:
 

 “Statement of Facts
 

 “1. That both parties to this action have been, at the time of the commencement of this action, bona fide residents of the City of Kenosha, Kenosha County, Wisconsin.
 

 “2. That on May 23, 1947, at Ozaukee County, Wis-r consin, the defendant procured an absolute divorce from her then husband, Louis Butera.
 

 “3. That at the time of the commencement of this action, Louis Butera was and still is alive.
 

 “4. That the parties hereto were married to each other at Waukegan, Illinois, on March 31, 1948, at which time both parties were Wisconsin residents and aware of the fact that the defendant herein had been awarded a decree of absolute divorce in Ozaukee County, Wisconsin, on May 23, 1947,
 
 *536
 
 and that one year had not expired from the time when that judgment was pronounced.
 

 “5. That despite such legal obstacle, the plaintiff and defendant held themselves out to public notice in good faith as husband and wife from the day of their marriage on March 31, 1948, until the commencement of this action on August 12, 1964.
 

 “6. That two children were born to said marriage and are now living, namely Stanley A. Ginkowski, born December 1, 1948, and Richard A. Ginkowski, born May 24, 1952.
 

 “7.
 
 That no action for annulment was ever commenced by either of the parties within ten years after March 31, 1948, other than the present action.
 

 “8. That during the marriage of said parties, they, together with their children, lived together in an apparent normal marital behavior ;
 

 "Questions of Law
 

 “1.
 
 Whether Sec. 330.18 Sub. Sec. 4, of the Statutes of Limitations of the State of Wisconsin is applicable to the case at bar and by reason of the fact that no annulment was commenced within ten years from the date of marriage of the parties at Waukegan, Illinois, on March 31, 1948, said marriage has now ripened into a valid, binding marriage by reason of lapse of time and operation of law.
 

 “Decision
 

 “The trial court in its conclusions of law, found that Sec. 330.18 (4) of the Statutes of Limitations of the State of Wisconsin is applicable to the present case and by reason of the fact that no action for annulment was commenced within ten years from the date of the marriage of the parties at Waukegan, Illinois, on March 31, 1948, said marriage has now ripened into a valid, binding marriage by reason of said lapse of time and operation of law.
 

 “Points to be Relied Upon by Appellant
 

 “1.
 
 That this marriage contracted within one year from the pronouncement of divorce on May 23, 1947, is void ab initio, Sec. 245.03 (1) Wis. Stats., Sec. 245.04 (1) Wis. Stats, and Sec. 247.37 Wis. Stats.
 

 
 *537
 
 “2. A marriage void ab initio does not become valid through the passage of time, Sec. 247.02 Wis. Stats.
 

 “3. That Sec. 247.02(3) and Sec. 247.03 Wis. Stats, are applicable to the case.
 

 “Order Approving Statement of Case
 

 “The parties to the above entitled action, having submitted the foregoing stipulations of the statement of the above captioned case, to the trial court in accordance with the provisions of Sec. 251.28 Wis. Stats. ;
 

 “And the court having examined the statement of the case and having made its determination that the statement conforms to the truth of the case;
 

 “NOW THEREFORE, it is ordered that the foregoing statement may be transmitted to the Supreme Court in the usual manner in accord with the particulars of Sec. 251.28 Wis. Stats.”
 

 The issue is whether sec. 330.18 (4), Stats.,
 
 [1]
 
 applies to this case because no action of annulment was commenced within ten years of the date of the Illinois marriage, thus allowing that marriage to ripen into a valid, binding marriage by lapse of time and operation of law, as determined by the trial court.
 

 Plaintiff’s first contention is that the marriage in Illinois was void
 
 ab initio
 
 and can never become a valid marriage. This court has repeatedly held that marriages out of state by Wisconsin residents to avoid the legal impediments in this state are void.
 
 Bliffert v. Bliffert
 
 (1961), 14 Wis. (2d) 316, 111 N. W. (2d) 188;
 
 Lanham v. Lanham
 
 (1908), 136 Wis. 360, 117 N. W. 787;
 
 Lyannes v. Lyannes
 
 (1920), 171 Wis. 381, 177 N. W. 683.
 

 Defendant concedes that the marriage was void under sec. 245.03, Stats. (1947) [marriage by persons with a
 
 *538
 
 spouse living], or sec. 245.04 [marriage abroad to circumvent the laws]. Both of these statutes and the cases under them make this marriage void. Defendant contends, however, that a void marriage may ripen into a valid, binding marriage under sec. 330.18 (4), and
 
 Witt v. Witt
 
 (1955), 271 Wis. 93, 72 N. W. (2d) 748.
 

 Lyannes v. Lyannes, supra,
 
 was qualified by the
 
 Witt Case
 
 insofar as the statute of limitations is concerned. We stated, at pages 97, 98:
 

 “Counsel for the plaintiff George J. Witt base their principal argument against the application of sec. 330.18 (4), Stats., to the instant suit to annul a marriage because of the insanity of one of the parties on the following statement appearing in our decision in
 
 Lyannes v. Lyannes, supra
 
 (p. 390):
 

 0): ‘In the void marriage the relationship of the parties, so far as its being legal is concerned, is an absolute nullity from its very beginning and cannot be ratified. It may be questioned at any time during the life of both, and, with some statutory exceptions (vide sub. (2), sec. 2351 [now 247.02], Stats.), after the death of either or both, and generally whether the question arises directly or collaterally.’
 

 “The above statement was also quoted by this court in its decision in
 
 Estate of Canon
 
 (1936), 221 Wis. 322, 328, 266 N. W. 918. However, in neither the
 
 Lyannes
 
 nor the
 
 Canon Cases
 
 was the court confronted with any issue of the applicability of the statute of limitations found in sec. 330.18 (4), Stats., and it would have been
 
 obiter dictum
 
 if such statement were deemed to have been made with respect to such an issue. In the
 
 Lyannes Case
 
 the purported marriage to the plaintiff occurred on June 14, 1919, and the decision upon appeal in this court was rendered May 4, 1920; while in the
 
 Canon Case
 
 the marriage took place October 7, 1926, and the wife died August 4, 1932, and it was held that the husband could not inherit the estate of the wife because of the marriage being void. It surely cannot be assumed that this court in making the above-quoted statement in its opinion
 
 *539
 
 in the
 
 Lyannes Case
 
 had any intention of nullifying the express wording of sec. 330.18 (4).
 

 “We find no necessity on this appeal of determining whether the marriage which occurred between George J. Witt and Irene Witt on October 14, 1930, was void or voidable. This is because sec. 330.18 (4), Stats., does not distinguish between actions instituted to annul void and voidable marriages.”
 

 The plaintiff points out that the present statute, sec. 247.03 (2), provides, in substance, that an action for annulment grounded upon like facts can be brought any time while either of the parties has a husband or wife living. He then reasons that the ten-year statute of limitations does not apply. This argument overlooks the fact that sec. 247.03 (2) was not enacted until 1959.
 

 Witt v. Witt, supra,
 
 held that the period of limitation begins to run from the date of the marriage. Statutes of limitation begin to run when the wrongful act is discovered. Thus, the ten-year statute began running on March 31, 1948, and expired March 31, 1958. “In Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose.”
 
 Maryland Casualty Co. v. Beleznay
 
 (1944), 245 Wis. 390, 393, 14 N. W. (2d) 177.
 

 Haase v. Sawicki
 
 (1963), 20 Wis. (2d) 308, 311, 121 N. W. (2d) 876, considered the constitutional problems involved in a legislative act attempting to make a three-year statute of limitations applicable to a cause of action which had become barred under a two-year statute. The court held this attempt unconstitutional because “[t]his court, by a long line of cases, has followed the construction that our statutes of limitation extinguish the right as well as the remedy.” See also,
 
 Shaurette v. Capitol Erecting Co.
 
 (1964), 23 Wis. (2d) 538, 546, 128 N. W. (2d) 34, and
 
 Shelby Mut. Ins.
 
 
 *540
 

 Co. v. Home Mut. Ins. Co.
 
 (1964), 25 Wis. (2d) 25, 130 N. W. (2d) 296.
 

 We therefore conclude that the statute of limitations had completely run its course on March 31, 1958, ten years after the marriage, so as to extinguish the right as well as the remedy of annulment.
 

 We recognize that if these parties had not been married for ten years prior to the enactment of sec. 247.03 (2), Stats., in 1959, the general ten-year statute of limitations (sec. 330.18 (4)) would not be available as a defense to an action for annulment.
 

 This ruling can result in some existing void marriages being subject to the ten-year statute of limitations and others not, dependent upon when the marriage was entered into. Assuming sec. 247.03 (2), Stats., remains unchanged, time will cure this discrepancy.
 

 We do not deem that this discrepancy can change our basic rule that the running of a statute of limitations extinguishes the right as well as the remedy; nor are we persuaded that the rule in the
 
 Witt Case,
 
 refusing to distinguish between void or voidable marriage in applying a statute of limitations, should be changed or qualified.
 

 For the first time at oral argument the plaintiff contends that the defense of the statute of limitations is not available to the defendant because it was not raised by answer or demurrer and thus was waived pursuant to sec. 263.12, Stats.
 

 This action comes to us under sec. 251.28, Stats., upon an agreed statement of the case; our review is limited to the issues as they appear in such statement.
 

 By the Court.
 
 — Judgment affirmed.
 

 [1]
 

 “Within ten years: . .
 
 . (4) An action which, on and before February 28, 1857, was cognizable by the court of chancery, when no other limitation is prescribed in this chapter.”