AMERICAN BANK & TRUST COMPANY, Executor, Appellant, v. DEPARTMENT OF REVENUE, Respondent.

*No. 208. Argued October 2, 1973.—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 627.)

For the appellant there were briefs by *William F. Kolbe* and *Kolbe, Sharp & Arena,* all of Racine, and oral argument by *William F. Kolbe.*

For the respondent the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HEFFERNAN, J. We conclude that the circuit court properly held that Tree's partnerhip earnings that accrued prior to his death, but were undistributed at the

date of death, were taxable [1] as income under secs. 71.03 (1) (k) [2] and 71.08 (1) (a) and (b),[3] Stats. 1963.

The appellant-executor, construing sec. 71.08 (1) (a), Stats. 1963, argues that there was no income "received" by Charles Tree, and, therefore, it was not includable in a return for income tax purposes.

This argument ignores the plain meaning of other statutes then in effect. Sec. 71.03 (1) (k), Stats. 1963, provided in part:

"There shall be included in computing the income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the income year."

To the extent that there was any doubt of the statutory purpose where a partner died during the course of the

[1] *Estate of Rogovin v. Department of Revenue* (1973), 57 Wis. 2d 683, 205 N. W. 2d 136, reached a different result under the Wisconsin statutes as revised pursuant to the federalization of state income tax reporting system in 1965.

[2] "Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the income year." Sec. 71.03 (1) (k), Stats. 1963.

[3] "(1) Every executor and administrator shall file an income tax return on a calendar or fiscal year basis with the assessor of incomes of the county in which the decedent resided at the time of his death, or in the county in which the executor or administrator resides if the decedent was a nonresident, in all cases where the decedent, if living, would have been required to file such return, and shall so file such return, if notified by the assessor of incomes to make a report to him. Such executor or administrator shall include in such return:

"(a) All income received by the decedent during that portion of the year covered by the return preceding the demise of the decedent.

"(b) All receipts by him from the estate of the deceased during the year covered by the return, if such receipts would have been taxable as income to the decedent, had he survived." Sec. 71.08 (1) (a) and (b), Stats. 1963.

partnership year, the Administrative Code then in effect provided a complete clarification.

The Wisconsin Administrative Code (1964), TAX 3.71 (3) Income of estate of decedent, provided:

"If the decedent was a member of a partnership his distributive share of the partnership profits for the period from the beginning of the partnership's fiscal year to the date of death, *whether distributed or not,* must be included as income in the return of the fiduciary for the year of death." (Emphasis supplied.)

Under this explicit rule, earnings in question were income which had to be reported and on which a tax had to be paid.

Even in the absence of Rule 3.71 (3), secs. 71.03 (1) (k) and 71.08 (1) (a) and (b), Stats. 1963, spell out the legislature's intent to tax the undistributed partnership earnings as income. The rule makes inescapable the result contemplated by the statutes. Were there doubt of the meaning of these statutes, in Wisconsin administrative rules which have gone unchallenged are of controlling weight in the interpretation of a statute. *Forsberg Paper Box Co. v. Department of Taxation* (1961), 14 Wis. 2d 93, 109 N. W. 2d 457; *Department of Taxation v. O. H. Kindt Mfg. Co.* (1961), 13 Wis. 2d 258, 264, 265, 108 N. W. 2d 535. Rule 3.71 (3) was published in its present form in 1946, and was in effect for almost eighteen years prior to the filing of the executor's income tax return. Wisconsin Department of Taxation Rule 199, Wisconsin Red Book: Administrative Rules and Orders (4th ed. 1946).

The executor appears to argue that the income tax would be appropriate only were there a dissolution of the partnership upon the death of Tree. He cites a substantial body of legal authority holding that death of a partner does not terminate the taxable year of the partnership or constitute a dissolution of the partner-

ship. The executor claims that the circuit court's determination of taxability was dependent upon its conclusion that the partnership dissolved upon Tree's death. While the trial judge placed some weight on that conclusion in making a determination of constitutionality, he relied on that theory not at all in determining the legislative intent that the undistributed proceeds were taxable as income. For that conclusion he relied upon the statutes and the administrative rule, as we do in affirming that determination.

The executor contends, however, that, even if we determine that it was the intent of the legislature to tax the undistributed partnership proceeds, such taxation is an unconstitutional violation of art. VIII, sec. 1, of the Wisconsin Constitution, which provides for a general standard of uniformity in the levying of taxation. The executor argues that, since the constitution requires uniform taxation, except upon income, privileges, and occupations, it is unconstitutional to assess the graduated and progressive income tax on the $36,000, earned but not distributed, when that same sum had already been inventoried and taxed as part of the estate's corpus. The executor relies upon three Wisconsin cases in support of this proposition. *Smart v. Wisconsin Tax Comm.* (1931), 205 Wis. 632, 237 N. W. 114; *Norris v. Wisconsin Tax Comm.* (1931), 205 Wis. 626, 237 N. W. 113, 238 N. W. 415; and *Herzberg v. Wisconsin Tax Comm.* (1927), 194 Wis. 126, 215 N. W. 936.

The attorney general's brief points out that the items referred to as income in those cases by the executor were not held to be income by the court that made the decision, and argues that the cases are therefore not in point. There is much in the cases to suggest that the court was impelled to reject the tax because it was, it believed, fundamentally unfair to tax the same sum twice, albeit for different purposes.

If the court's rationale in the *Smart, Norris,* and *Herzberg Cases* rested on the latter theory or on the theory that the same sums could not be taxed a second time for a different purpose, we are obliged to disagree, and to that extent those cases are overruled. The three cases were severely criticized by Prof. Ray A. Brown of the University of Wisconsin Law School in an article that appeared in the 16 Marquette Law Review (1931–32), pp. 271 ff. He concluded that it was not improper to tax the sums paid to the estate as income and, after receipt, to tax it as a part of the corpus. He pointed out that the tax is triggered by the passage of something of value pursuant to the exercise of distinct rights. The income tax is levied on the right to receive income and is measured by the amount of that income, while the inheritance tax is imposed upon the passage of property from the dead to the living and is measured by the value of that right. The incidents which triggered the two taxes are the exercise of completely separate and distinct rights, both of which are protected by the power of the state, and the exercise of these rights were in 1963, in the legislative judgment, taxable events. The mere fact that the origin of the moneys involved is the same does not negate the legislative will to tax the exercise of each right.

Whatever the validity of the executor's position that double taxation is fundamentally unfair and, hence, unconstitutional, that question is not before us. Separate taxes were levied and were triggered by independent and separable events. We agree with the rationale of Professor Brown and adopt it in reaching our decision.

While federal law is not controlling in the determination of the question involving Wisconsin state taxes, an argument similar to the one posed by the executor here was determined in *Richardson v. United States* (6th Cir. 1961), 294 Fed. 2d 593, certiorari denied (1962),

369 U. S. 802, 82 Sup. Ct. 640, 7 L. Ed. 2d 549. In that case several promissory notes and accrued interest payable to the deceased at the time of his death were included in the assets of the estate. That portion which represented accrued interest was also taxed as income. The heirs upon whom the incidence of income tax fell commenced an action for a refund for that portion of the interest which accrued prior to Richardson's death and which had been included in his estate for federal tax purposes. The court concluded that, although the accrued interest was income, and that same amount of money had been included in the corpus of the estate, no constitutional issue was raised and that it was a proper exercise of the power of Congress to exact the payment of income tax, although there had previously been levied a tax for inheritance purposes.

Accordingly, we conclude that the undistributed partnership income which had accrued prior to the taxpayer's death was properly assessed under secs. 71.03 (1) (k) and 71.08 (1) (a) and (b), Stats. 1963, and the Wisconsin Administrative Rule 3.71 (3). The assessment for income tax purposes was not unconstitutional.

*By the Court.*—Judgment affirmed.