ESTATE OF SCHERFFIUS: DEPARTMENT OF TAXATION and another, Respondents, v. SCHERFFIUS, Executor, Appellant.*

*No. 326. Argued January 4, 1974.—Decided March 18, 1974.*
(Also reported in 215 N. W. 2d 547.)

---

* Motion for rehearing denied, without costs, on May 7, 1974.

688

For the appellant there were briefs by *Godfrey & Kahn, S. C.,* attorneys, and *John M. Byers* and *James Ward Rector, Sr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Rector.*

For the respondent the cause was argued by *Sverre O. Tinglum,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general, and *Neal E. Schmidt,* inheritance tax counsel.

HEFFERNAN, J.   Under the stipulated facts, the question posed is whether the tax is to be finally determined under sec. 72.15 (5), Stats. 1965,[1] as contended by the

---

[1] Sec. 72.15 (5), Stats. 1965, provides:

"BASIS FOR APPRAISAL OF FUTURE ESTATES. Whenever a transfer of property is made upon which there is, or in any contingency there may be, a tax imposed, such property shall be appraised at its clear market value immediately upon the transfer or as soon thereafter as practicable. The value of every future or limited estate, income, interest or annuity dependent upon any life or lives in being, shall be determined by the rule, method and standard of mortality and rate of interest employed by the commissioner of insurance in ascertaining the value of policies of life insurance and annuities for the determination of liabilities of life insurance companies, except that for every future or limited estate, income, interest or annuity the value of which is not based upon an assumed rate of interest the rate of interest for making such computation shall be five per cent per annum. The tax so determined shall be construed to be upon the transfer of a proportion of the principal or corpus of the estate equal to the present value of such future or limited estate, income, interest or annuity, and not upon any earn-

state, or is subject to recomputation under sec. 72.15 (8), Stats. 1965,[2] as urged by the executor.

It should be emphasized that, since the date of the testator's death in 1965, the inheritance tax statutes have been substantially changed and the resolution of the issues in this case is precedent only for cases arising under the statutes as they then existed.

We conclude that the estate was properly valued and assessed under sec. 72.15 (5), Stats., but not for pre-

ings or income of said property produced after death, and such earnings or income shall not be exempt from the income tax. Such tax shall be due and payable forthwith out of the property transferred."

[2] Sec. 72.15 (8), Stats. 1965, provides:

"ESTATES IN TRUST. When property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon such transfer at the lowest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of sections 72.01 to 72.24, inclusive, and such tax so imposed shall be due and payable forthwith out of the property transferred; provided, however, that on the happening of any contingency or condition whereby the said property or any part thereof is transferred to a person or corporation, which under the provisions of sections 72.01 to 72.24, inclusive, is required to pay a tax at a higher rate than the tax imposed, then such transferee shall pay the difference between the tax imposed and the tax at the higher rate, and the amount of such increased tax shall be enforced and collected as provided in sections 72.01 to 72.24, inclusive; provided further, that if on the happening of any such contingency or condition the said property or any part thereof is transferred to persons or corporations, which under the provisions of sections 72.01 to 72.24, inclusive, would be required to pay less tax on the transfer than has been paid, a return shall be made to the person or persons entitled thereto of so much of the tax as will reduce the same to the amount which would have been assessed originally on such transfer, had the date of the happening of such condition or contingency and the persons ultimately receiving such property been known when the original assessment was made. Such return of tax shall be made in the manner provided in section 72.08."

cisely the reasons which are urged by the respondent, Department of Taxation, on this appeal.

The respondent urges that sec. 72.15 (8), Stats., is a deadletter in the statutes and that it was repealed, in effect at least, by ch. 627 of the Laws of 1913, which created new legislation and which omitted from the enactment of the inheritance law the requirement that the taxes, "shall accrue and become due and payable when the beneficiary shall come into actual possession or enjoyment thereof." This provision had appeared in the Wisconsin statutes from 1903 until 1913.

The state, therefore, contends that the earlier provision, which deferred payment until actual possession or enjoyment, was completely superseded by the provisions of sec. 72.15 (5), Stats. 1965, which, in its final sentence, provides in respect to future estates: "Such tax shall be due and payable forthwith out of the property transferred." This interpretation would leave no room for any effect to be given to sec. 72.15 (8), which remained in the statutes of 1965 and provided for a tax to be imposed at the lowest rate possible under any possible contingency. The statute further provided that, if by the operation of some contingency it was later determined that the tax should have been either higher or lower, a recomputation was to be made.

While we conclude that sec. 72.15 (5), Stats. 1965, is properly to be applied in this case, we do not intimate that in cases arising under the 1965 statutes, sec. 72.15 (8) could never be operative.

The revision of the inheritance tax statute has been discussed in numerous cases before this court. While in some cases, as in the *Will of Merrill* (1933), 212 Wis. 15, 248 N. W. 909, this court has indeed held that the tax to be imposed shall be paid forthwith out of the property transferred, it did not delve into the question of whether, after the immediate imposition of the tax, there remained the possibility of a subsequent recompu-

tation. As we understand the position of the appellant herein, he does not argue that the tax on a future interest be postponed, but merely that the inheritance tax question not be finally closed until the happening of possible future contingencies that would trigger a recomputation.

Appellant's interpretation of *Merrill* is correct, for all that *Merrill* holds, relevant to this case, is that there should be a present valuation and tax paid on the value of the property transferred.

*Estate of Mitchell* (1942), 239 Wis. 498, 1 N. W. 2d 149, is to the same effect. However, in *Estate of Mitchell,* where a contingency occurred subsequent to the original tax proceedings that resulted in the residue being transferred for a nonexempt purpose, a reassessment was ordered with recomputation to take effect *nunc pro tunc* at the same time as the original tax assessment. *Estate of Mitchell,* referring to *Will of Merrill,* said:

"In *Will of Merrill, supra,* it was correctly held that there is no authority in the statute for postponing a tax on future estates and the tax is to be imposed upon all such estates as are capable of appraisal. Under sub. (8) while the tax is to be imposed upon a future interest it is subject to revision when the contingencies or conditions to which it is subject occur if the other conditions prescribed in the statute are present, that is, the tax should have been assessed at a higher or lower rate." (P. 506)

*Estate of Mitchell* is of importance in the instant case principally because, even after *Will of Merrill,* the viability of sec. 72.15 (8), Stats. 1965, was recognized if the circumstances were such to trigger its application. In *Estate of Allen* (1943), 243 Wis. 44, 9 N. W. 2d 102, the court discussed both secs. 72.15 (5) and 72.15 (8) and failed to indicate that sec. 72.15 (5) superseded the other subsection. Rather, *Estate of Allen* sought to give effect to both subsections by applying sec. 72.15 (5) to

vested future interests and sec. 72.15 (8) to contingent future interests.

In addition to the cases discussed, this court has given effect to the provisions of sec. 72.15 (8), Stats. 1965, in *Estate of Latimer* (1955), 271 Wis. 1, 72 N. W. 2d 321, and *Estate of Wheeler* (1948), 252 Wis. 613, 32 N. W. 2d 624. Both of these cases came substantially later than the alleged implied repeal in 1913 of sec. 72.15 (8) (then sec. 1087–13 5). However, as *Estate of Allen* indicates, sec. 72.15 (5) is applicable to vested future interests, and sec. 72.15 (8) is appliable to contingent future interests. Sec. 230.13, Stats. 1965, defines vested and contingent estates:

"Future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right, by virtue of it, to the possession of the lands upon the ceasing of the intermediate or precedent estate. They are contingent whilst the person to whom, or the event upon which, they are limited to take effect remains uncertain."

*Scott v. West* (1885), 63 Wis. 529, 24 N. W. 161, 25 N. W. 18, demonstrates that under Wisconsin law this delineation of vested and contingent interests is not limited merely to estates in lands.

In the instant case, it is apparent that the future interest of Isabelle M. Scherffius was a vested interest and was correctly assessed under the provisions of sec. 72.15 (5), Stats. 1965, which contains no provision for a redetermination of the tax, as is provided in sec. 72.15 (8), which applies to contingent future estates.

The valuation of Isabelle M. Scherffius' vested future estate was determined in accordance with the actuarial tables that are accepted by both the appellant and the respondent. The factors used in making that determination take into consideration the statistical probabilities that Isabelle M. Scherffius may not survive her husband.

It is possible, of course, that the probabilities will prove to be at variance with the facts as they ultimately unfold. If, however, the imposition of the tax as assessed is unfair or will work an injustice in this case, the problem is a legislative one and is not determinable by the judicial branch of government. *Will of Merrill, supra,* page 22.

Under the stipulated facts and issues, inheritance tax was properly imposed and the county court's order must be affirmed.

On this appeal and for the first time, the appellant raises another issue which would arguably throw at least a portion of the inheritance tax determination under the provisions applicable to contingent estates. In the stipulation on which this case was tried, the only uncertain event that was placed in issue was the possibility of Isabelle M. Scherffius predeceasing Hilbert. No mention was made that, under the terms of the trust, the trustees are given the absolute discretion to accumulate or to distribute to either Hilbert or Isabelle *any* of the principal or *any* of the income from the trust.

It appears that the computation of the tax and the valuation of the successive life estates were based upon the assumption that the income would be distributed. That assumption, of course, cannot be made with any certainty, since it depends upon the future exercise of the trustees' discretion and upon facts that are not of record.

We point out that the appellant is bound by a stipulation of facts and equally bound by his agreement that the only point at issue was the possible predecease of Isabelle. Under the authority of *Ginkowski v. Ginkowski* (1965), 28 Wis. 2d 530, 536, 137 N. W. 2d 403, and *Schroeder v. Klipp* (1904), 120 Wis. 245, 253, 254, 97 N. W. 909, an appellant cannot be heard to argue in this court on the basis of facts that were not included in its stipulation. Moreover, as a matter of judicial policy, we decline to consider legal arguments that are posed for

the first time on appeal and which were not raised in the trial court.

Additionally, the tax imposed is not upon the property which may under the trust come to Hilbert or Isabelle. It is, rather, upon the transfer of the right to receive the property. Because of the policy of the state to give effect to the wishes of a testator, the transfer of that right is recognized by law, and by law it constitutes a taxable incident based upon the present value of the right and not upon the property which may be eventually received. The value of the right which the state taxes is not necessarily related to the income which the trustees may in their discretion decide to distribute and which the beneficiaries may in actuality receive.

The recent case of *American Bank & Trust Co. v. Department of Revenue* (1973), 60 Wis. 2d 660, 211 N. W. 2d 627, restated the proposition that the right to receive income and the right to inherit are separate taxable events. It was also pointed out in *Estate of Bauknecht* (1971), 49 Wis. 2d 392, 182 N. W. 2d 238, and *Estate of Joas* (1962), 16 Wis. 2d 489, 114 N. W. 2d 831, that a tax upon inheritance is merely upon the right to receive property and is not a tax upon the property itself.

The inheritance tax was imposed upon the value of a right which Hilbert and Isabelle Scherffius received from the estate of Julian N. Scherffius. That right was properly valued under the stipulated facts.

*By the Court.*—Order affirmed.

The following opinion was filed May 8, 1974.

PER CURIAM *(on motion for rehearing)*. In his motion for rehearing appellant contends that under the rationale of *Will of Wehr* (1967), 36 Wis. 2d 154, 152 N. W. 2d 868, the future interest of Isabelle N. Scherffius is contingent rather than vested. Under *Wehr* the issue is whether her

interest is classed as "vested subject to complete defeasance" or as "subject to a condition precedent." *Wehr* makes clear that this determination depends entirely upon the language of the instrument creating the future interest. We are of the opinion that under the classifications adopted in *Wehr,* Isabelle's interest must be considered vested, subject to complete defeasance should she predecease Hilbert Scherffius. In cases of uncertainty the question should be resolved in favor of a vested rather than a contingent remainder. 31 C. J. S., *Estates,* p. 17, sec. 5. Other arguments raised by appellant have been considered.

Motion for rehearing denied without costs.