SMITH, Appellant, v. BURNS, County Judge, Respondent.

*No. 348. Argued October 31, 1974.—Decided November 26, 1974.*
(Also reported in 223 N. W. 2d 562.)

640

For the appellant there were briefs by *Jordan B. Reich,* and oral argument by *Morton M. Grodsky,* both of the Legal Aid Society of Milwaukee.

For the respondent there was a brief by *John V. Kitzke* and *Polacheck & Harris,* all of Milwaukee, and oral argument by *Mr. Kitzke.*

A brief amicus curiae was filed by *Victor A. Miller,* attorney general, and *James D. Jeffries* and *Richard A. Victor,* assistant attorneys general, for the state of Wisconsin.

CONNOR T. HANSEN, J. G. E. X-Ray Employee's Credit Union (hereinafter credit union) obtained a judgment against the appellant. It apparently remains unpaid and the appellant was ordered to appear before a court com-

missioner to make a disclosure of her assets as provided in ch. 273, Stats. The examination was set for 2 p. m. on April 12, 1973. She appeared late for the supplementary, and it is disputed as to whether she made arrangements with counsel for the credit union to pay $5 per month on the judgment. At any rate, no payments have been tendered.

On April 30, 1973, the appellant was served with an order to show cause why she should not be held in contempt for failing to appear at the supplementary on April 12, 1973. The order to show cause was returnable before the respondent on May 7, 1973, at 10 a. m. Appellant failed to appear, allegedly on the assumption that the agreement with counsel for the credit union had settled the matter. The respondent then issued a body attachment and on May 22, 1973, a hearing was held before the respondent. On that date the respondent ordered appellant to appear before the court commissioner for a supplementary, but stayed the order pending application by appellant for a writ of prohibition.

The appellant argues that the respondent was prohibited from issuing a body warrant because of the provisions of sec. 425.113, Stats., which provide:

"425.113 **Body attachments.** (1) No merchant shall cause or permit a warrant against the person of a customer to issue under ch. 273 with respect to a claim arising from a consumer credit transaction. Any process issued in violation of this section is void.

"(2) A violation of this section is subject to s. 425.305."

The only provision for the issuance of a body warrant contained in ch. 273, Stats., is set forth in sec. 273.05.[1]

[1] "273.05 **Warrant against debtor.** Upon satisfactory proof by affidavit that there is danger of the judgment debtor's leaving the state or concealing himself and that there is reason to believe that he has property which he unjustly refuses to apply to such

Prior to the enactment of sec. 425.113, a body attachment of a debtor could have been obtained without notice and solely on the basis of the affidavit of a creditor. However, in the instant case there is no assertion by the credit union that it is proceeding under sec. 273.05, or in any way asserting any remedies that might have been available under that particular section.

In our view of this record, the appellant not only misconceives of the issue presented on this appeal, but also of the very basic nature and concept of the judicial process. Here no body attachment was issued because of the appellant's failure to pay a debt. On the contrary, the body attachment was issued because of her failure to respond to a lawful order of the court. The body attachment issued in the present case was issued under secs. 295.01 and 295.04, Stats.[2]

judgment, the court or judge may issue a warrant requiring the sheriff to arrest him and bring him before such court or judge to answer concerning his property.

"**Cross Reference:** See 425.113 which prohibits warrants against the person of a customer with respect to a claim arising from a consumer credit transaction."

[2] "**295.01 Contempt power of courts and judges.** Every court of record and every judge of such court at his chambers shall have power to punish by fine and imprisonment, or either, any neglect or violation of duty or any misconduct by which the rights or remedies of a party in an action or proceeding pending or triable in such court or before a court commissioner for the same county may be defeated, impaired, impeded or prejudiced in the following cases:

". . .

"(3) Parties to actions, attorneys, counselors and all other persons for the nonpayment of any sum of money ordered by such court to be paid in cases where by law executions cannot be awarded for the collection of such sum; and for any other disobedience to any lawful order, judgment or process of such court. And the powers of such court to punish, as in this chapter provided, for nonpayment of money may be exercised by the judge or judges thereof in vacation.

". . .

The appellant failed to appear in court on May 7, 1973, after being served with an order of the court directing her to show cause why she should not be held in contempt of court; the contempt being her alleged failure to respond to a previous order of the court ordering her to appear before a court commissioner on April 12, 1973, for a supplemental examination pursuant to the provisions of sec. 273.03, Stats.

It is now asserted that her failure to respond to the order of the court on May 7, 1973, is based upon her alleged but disputed agreement with counsel for the credit union to pay off the $800 judgment at the rate of $5 per month. If, in fact, such an agreement existed, or if the respondent was satisfied that an honest misunderstanding existed, the facts should have been presented to the court at the hearing set for May 7, 1973, on the order to show cause as to why the appellant should not be held in contempt of court. Such a belief on the part of the appellant, whether justified or not, cannot serve as a basis for her unilateral decision to not appear or disobey the order of the court.

We are of the opinion that sec. 425.113, Stats., eliminates the issuance of such body attachments as are pro-

"(8) All other cases where attachments and proceedings as for contempts have been usually adopted and practiced in courts of record to enforce the civil remedies of any party or to protect the rights of any such party."

"295.04 **Order to show cause; attachment.** In a case specified in either section 295.02 or 295.03 the court may, in its discretion, and in all other cases the court shall, upon being satisfied by affidavit of the commission of the misconduct, either make an order requiring the accused party to show cause at some reasonable time to be therein specified why he should not be punished for the alleged misconduct or shall issue an attachment to arrest such party and to bring him before such court to answer for such misconduct. Such order to show cause may be made or attachment may be issued by any judge in vacation, but must be made returnable to the court."

vided in ch. 273. The only such attachment pro-
vided in ch. 273 is contained in sec. 273.05. A distinguish-
ing feature of that warrant procedure, as opposed to the
procedure in sec. 295.04, is that the warrant in the former
case issues merely on the affidavit of the creditor and
its effect is pre-emptory. Under the latter procedure, a
court's judgment and discretion is exercised after the
alleged misconduct has occurred and is based upon the
verifiable allegations of the affidavit. Thus, under sec.
295.04, the court must first satisfy itself from the affi-
davit that the alleged misconduct has been committed.
The statute then provides that the court has the option
of *either* issuing an order to show cause or body attach-
ment. In the instant case the court could have issued a
second show cause order or body attachment. In the
exercise of his discretion, the respondent chose the latter.
Sec. 425.113 does not exempt a person from being re-
quired to appear and make a disclosure under oath in a
supplementary proceeding held under ch. 273. Lawful
and reasonable court orders may be entered to compel
such attendance. Disobedience of such orders are sub-
ject to the provision of ch. 295.

We agree with the contention of the respondent that if
sec. 425.113, Stats., is interpreted so as to have removed
the power of the court to issue a body attachment for one
who chooses to ignore court orders, and to subsequently
find such a person in contempt of the court, then that in-
terpretation would cause the statute to be unconstitution-
al under art. VII, sec. 2 of the Wisconsin Constitution
as a violation of the principle of separation of powers.[3]

This court has held that if there are two possible con-
structions of a statute, one of which would be constitu-
tional and the other unconstitutional, preference is to be

---

[3] "Judicial power, where vested. SECTION 2. [*As amended April,
1966.*] The judicial power of this state, both as to matters of law
and equity, shall be vested in a supreme court, circuit courts, and
courts of probate. . . ."

given that construction which is constitutional. *State ex rel. Vanko v. Kahl* (1971), 52 Wis. 2d 206, 215, 188 N. W. 2d 460; *State ex rel. La Follette v. Reuter* (1967), 36 Wis. 2d 96, 120, 153 N. W. 2d 49.

The principle of separation of powers under the constitution has been recognized by this court in numerous decisions. *See, e.g., Thoe v. Chicago, M. & St. P. R. Co.* (1923), 181 Wis. 456, 195 N. W. 407 (legislature cannot remove the power of a court to direct a verdict in a jury case); *Calkins v. State* (1867), 21 Wis. 508 (*501) (legislature cannot pass an act granting a new trial in a case already decided by a court); *Davis v. Village of Menasha* (1867), 21 Wis. 497 (*491) (legislature cannot pass an act granting a new trial in a case already decided by a court). This court has also held that the power of a court to hold a person in contempt is an inherent power of the court and that while the legislature may subject the power to reasonable regulation, it may not withdraw the power. *Upper Lakes Shipping v. Seafarer's International Union* (1963), 22 Wis. 2d 7, 125 N. W. 2d 324; *Jos. Schlitz Brewing Co. v. Washburn Brewing Asso.* (1904), 122 Wis. 515, 100 N. W. 832; *State ex rel. Attorney General v. Circuit Court for Eau Claire County* (1897), 97 Wis. 1, 72 N. W. 193. In *State ex rel. Attorney General v. Circuit Court for Eau Claire County, supra,* page 8, this court stated:

". . . The power of courts of superior jurisdiction created by the constitution to punish such acts is necessarily inherent in such a court, and arises by implication from the very act of creating the court. A court without this power would be at best a mere debating society, and not a court. These principles have been recognized in all courts from time immemorial. *In re Rosenberg,* 90 Wis. 581–588; *Ex parte Robinson,* 19 Wall. 505; Rapalje, Contempt, § 1. Doubtless, this power may be regulated, and the manner of its exercise prescribed, by statute, but certainly it cannot be entirely taken away, nor can its efficiency be so impaired or abridged as to leave the court without power to compel the due respect and

obedience which is essential to preserve its character as a judicial tribunal. . . ."

If we were to accept the interpretation of sec. 425.113, Stats., suggested by the appellant, it would have the effect of rendering that section unconstitutional under the above-cited rules. The interpretation of the statute suggested by the respondent, which we accept as the proper one, results in sec. 425.113 being a constitutional enactment as it relates to art. VII, sec. 2 of the Wisconsin Constitution.

The credit union, which has filed the briefs in this case for the respondent under a claim of being the real party in interest, asserts that the entire Wisconsin Consumer Act is unconstitutional as impairing the obligations of contract contrary to art. I, sec. 10 of the United States Constitution and art. I, sec. 12 of the Wisconsin Constitution. The credit union cites no authority for its position, and makes no reference to specific sections of the act.

The credit union's claim seems to be based generally on the balance, or imbalance, of the remedies available to the creditor and the rights of the debtor under the Consumer Act. The facts in this case do not reflect how the creditor has been injured by the realignment of remedies and rights. We believe it would be contrary to sound judicial policy for this court to probe the constitutionality of the entire Wisconsin Consumer Act on the factual situation here presented. *Cf. Schmidt v. Local Affairs & Development Dept.* (1968), 39 Wis. 2d 46, 158 N. W. 2d 306.

Furthermore, the scantily clothed argument of the credit union, which does not have standing to raise the issue, fails to meet the recognized minimal standards to raise the issue of constitutionality as to the entire Consumer Act. This court has repeatedly held that an act of the legislature is presumed to be constitutional and every presumption will be indulged to sustain the law if

at all possible. *State ex rel. Hammermill Paper Co. v. La Plante* (1973), 58 Wis. 2d 32, 205 N. W. 2d 784; *Chicago & N. W. Ry. v. La Follette* (1969), 43 Wis. 2d 631, 169 N. W. 2d 441. The party challenging the act has the burden of establishing its unconstitutionality beyond a reasonable doubt. *State ex rel. Hammermill Paper Co. v. La Plante, supra; State ex rel. Commissioners of Public Lands v. Anderson* (1973), 56 Wis. 2d 666, 203 N. W. 2d 84; *Chicago & N. W. Ry. v. La Follette, supra.* We do not reach the issue as to constitutionality of the Wisconsin Consumer Act.

The appellant also contends that if the body attachment and subsequent contempt finding were issued and made pursuant to the procedures of ch. 295, Stats., then the procedures were legally deficient in that the interrogatories required by sec. 295.12, were not drawn or filed.

The appellant raises this contention for the first time on appeal. This court has held that it will not entertain legal arguments posed for the first time on appeal and which were not raised in the trial court. *Estate of Scherffius* (1974), 62 Wis. 2d 687, 215 N. W. 2d 547; *Berger v. Metropolitan Sewerage Comm.* (1973), 56 Wis. 2d 741, 203 N. W. 2d 87. However, depending on the facts and circumstances of the case, this court has held that it may exercise its discretion and consider the argument where the question is of a fundamental nature and importance. *State ex rel. General Motors Corp. v. Oak Creek* (1971), 49 Wis. 2d 299, 182 N. W. 2d 481. We do not consider this issue to be of fundamental nature and important in the resolution of this case. We have considered the other arguments advanced by the appellant. They are of no significance to the disposition of this case.

*By the Court.*—Judgment affirmed.