R. ROTH JUDD, Executive Director Ethics Board
You ask whether an individual who is required to file a Statement of Economic Interests with the Ethics Board and who is a beneficiary of a trust which provides that the individual will receive a share of the trust's corpus upon the death of the individual's parent if he or she survives the parent, must identify on his or her Statement of Economic Interests, the securities held by the trust if the individual's interest in the securities is valued at $5,000 or more. The answer is yes.
Section 19.44, Stats., requires that every Statement of Economic Interests must contain "[t]he identity of every organization or body politic in which the individual who is required to file or that individual's immediate family, severally or in the aggregate, owns, directly or indirectly, securities having a value of $5,000 or more . . . ." Sec. 19.44(1)(b), Stats.
It has been suggested that the statutory reporting requirement applies only to individuals with a present right to receive income from, or other present enjoyment of, a trust and should not apply to someone who is presently receiving nothing from the trust. That argument ignores the plain words of the statute and the Ethics Board's rules. The statute requires the reporting of securities which are owned, either directly or indirectly, if the official's interest is valued at $5,000 or more. As you note, the majority view in the United States is that the beneficiary of *Page 184 
a trust has a form of ownership in the trust corpus. 2A Scott, TheLaw of Trusts § 130 at 406 (4th ed. 1987). The board's rule, Wisconsin Administrative Code § ETH 2.06, provides that "[e]conomic interests held in the name of a . . . trustee . . . for the account of a person are owned by the person for whose benefit they are held." The board has held, in a formal opinion, that an individual has a calculable, reportable interest in trust property if the individual has a legal right to benefit from the trust either in the present or the future. 8 Op. Eth. Bd. 69 (1985). The board's interpretation and application of laws it is charged with enforcing is entitled to great weight.Kimberly-Clark Corp. v. Public Service Comm., 110 Wis.2d 455,329 N.W.2d 143 (1983).
This situation is very little different from an individual to whom a note is payable sometime in the future. That individual has a direct interest in that note and has a present interest in that note. In that case, or in the case of the beneficiary of the trust, the future interest has a present value which reflects the individual's interest. It is immaterial that the note holder or the beneficiary of the trust may die before the note is paid or the corpus of the trust becomes available. The issue is not whether there is a definite future interest. The issue is whether there is a present interest.
Section 19.44(3)(b), which determines how an interest in a trust is apportioned, provides in pertinent part that:
 An individual who is eligible to receive income or other beneficial use of the principal of a trust is the owner of a proportional share of the principal in the proportion that the individual's beneficial interest in the trust bears to the total beneficial interests vested in all beneficiaries of the trust.
On its face this statute applies not only to someone who is actually receiving income but also to someone "who is eligible to receive income or other beneficial use." The Legislature did not intend to limit reporting requirements to present income. *Page 185 
Under Wisconsin law the beneficiary of this trust has an interest which is vested subject to complete defeasance because "the interest is created in favor of one or more ascertained persons in being and would become a present interest on the expiration of the preceding interests but may end or may be completely defeated as provided by the transferor at, before or after the expiration of the preceding interests." Sec. 700.05
(3), Stats. The beneficiary has a future interest, section 700.03
(2), but a future interest is transferable. Sec. 700.07, Stats. There is no doubt that this future interest has vested and has value. If the instrument creating the trust is unclear with respect to whether the right to receive the benefit is vested or contingent, the issue is resolved in favor of a vested, rather than a contingent, interest. See Estate of Scherffius, 62 Wis.2d 687, 697a, 215 N.W.2d 547 (1974).
It could be argued that if this trust creates a remainder which is subject to a condition precedent, that is, if the interest is created in favor of one or more unborn or unascertained persons, section 700.05(4), there would be no need to identify the trust on the Statement of Economic Interests because the interest has not vested. See Will of Wehr, 36 Wis.2d 154, 152 N.W.2d 868
(1967). If the interest created by the trust is an interest subject to a condition precedent as opposed to an interest vested subject to complete defeasance, the question is much closer. I would conclude, however, based on the language of the statute and the board's consistent interpretations, that even a contingent interest must be reported on the Statement of Economic Interests. I would recommend, however, that the board seek statutory clarification on that issue.
Requiring an official to report an interest in the trust which he or she will receive if the official survives the parent is consistent with the other reporting requirements of the ethics code and consistent with the public policy reflected in the ethics code. As you note, the law contemplates making public the identity of securities and property in which public officials have *Page 186 
a substantial interest in order to avoid conflicts between private interests and official responsibilities and also to promote public confidence. Sec. 19.41, Stats. Interpreting the law as not requiring disclosure in these circumstances would frustrate those goals.
JED:AL *Page 187